■ DAVID FISHLER, Appellant, v SUSAN FISHLER, Respondent. [769 NYS2d 273]—

Motion by the respondent for clarification of a decision and order of this Court dated February 10, 2003 [302 AD2d 423], which determined an appeal from an order of the Supreme Court, Nassau County, dated June 25, 2001.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated February 10, 2003, is recalled and vacated, and the following decision and order is substituted therefor:

In a matrimonial action in which the parties were divorced by judgment entered August 3, 1999, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.H.O.), dated June 25, 2001, as granted that branch of the defendant's motion which was for a money judgment in the principal sum of $69,462.50 for arrears in "additional" child support and spousal maintenance for the years 1997 through 2000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further calculations in accordance herewith.

"A separation agreement entered into by the parties in a divorce proceeding constitutes a contract between them which will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Gagstetter v Gagstetter*, 283 AD2d 393, 395 [2001]; *see Wilson v Neppell,* 253 AD2d 493, 494 [1998]). The interpretation of a contract is a matter of law for the court (*see 805 Third Ave. Co. v M.W. Realty Assoc.,* 58 NY2d 447, 451 [1983]). Where the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument (*see Nichols v Nichols,* 306 NY 490, 496 [1954]) and given effect (*see Slatt v Slatt,* 64 NY2d 966, 967 [1985]).

Here, in recognition of the fact that the appellant former husband *earns* a variable base salary plus commissions and bonuses, article IX of the parties' separation agreement unambiguously and expressly provides that the appellant pay a fixed amount in combined spousal maintenance and child support, starting at $2,500 per month as of the date of the separation agreement, increasing to $3,333 in 2001, and thereafter subject to cost of living adjustments. This was clearly intended to be the appellant's basic combined monthly support obligation. Over and above that basic support obligation, paragraph 4 of article

IX of the agreement further provides that "[a]s and for additional child support, the [appellant] agrees that he will provide the Wife with twenty-five (25%) percent of any income in any nature or form which is in addition to his regular salary and/or earnings, including, but not limited to, bonuses he receives each year, until the emancipation of both children." A similar provision obligates the appellant to pay an additional 25% of his additional earnings as increased maintenance. The clear meaning of these provisions is that the appellant is obligated to pay a fixed annual amount of combined support in accordance with paragraphs one and two of article IX of the agreement, and an additional amount of combined support based on income in excess of the appellant's regular salary pursuant to paragraph four of article IX of the agreement. Contrary to the appellant's contention, we agree with the Supreme Court that commissions, bonuses, and severance pay should be treated as additional earnings or income for the purposes of calculating the additional support due the respondent.

The Supreme Court, however, erred in calculating arrears using the appellant's 1996 regular salary and/or earnings as the basis for its computation, instead of using the appellant's regular salary and/or earnings for each year in question. Because the record is insufficient for us to calculate the appellant's correct obligations for additional support, if any, we remit the matter to the Supreme Court, Nassau County, for further proceedings. Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.