■ In the Matter of JOHN F. KRAMER, JR., Respondent, v ROSALIE GIANNINI, Appellant. [768 NYS2d 351]—

In a proceeding pursuant to CPLR 5241 to vacate an income execution, the mother appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 27, 2003, which granted the father's petition and vacated the income execution.

Ordered that the order is affirmed, with costs.

CPLR 5241 was enacted to aid in the enforcement of support obligations by permitting a creditor parent to garnish a debtor parent's wages through an income execution (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5241). Pursuant to the statute, the income execution must first be served upon the debtor parent, and must warn that the execution will be served upon his or her employer unless the debtor parent shows a "mistake of fact" within 15 days (CPLR 5241 [c] [iv]). The 15-day period in which to challenge an income execution based upon mistake of fact runs from service of the income execution, which may be made either by ordinary mail, or "in the same manner as a summons" (CPLR 5241 [d], [e]). Since service of the income execution in this case was made by ordinary mail, the father's 15-day period to challenge it should run from the date the income execution was received, rather than from the date when it was mailed. Although CPLR 5241 is silent in this regard, measuring the time period within which the debtor parent must act from the date of actual receipt will ensure that the debtor parent receives the full 15 days he or she is entitled to by the statute (*see Matter of ATM One v Landaverde,* 307 AD2d 922 [2003]; *see also Matter of Eagle Ins. Co. v Pierre-Louis,* 306 AD2d 344 [2003]; *Matter of Allstate Ins. Co. v Geller,* 218 AD2d 797 [1995]; *Matter of Allstate Ins. Co. [Metayer],* 137 AD2d 454 [1988]; *Monarch Ins. Co. v Pollack,* 32 AD2d 819 [1969]). Measuring the 15-day period from the date of receipt, the father's petition to vacate the income execution was timely.

Furthermore, the Supreme Court properly granted the father's petition to vacate the income execution. The father was not in default of his child support obligations at the time the income execution was served because the parties' separation agreement, which was incorporated but not merged in their judgment of divorce, provided that his child support payments would decrease if the mother remarried. Since it is undisputed that the mother remarried in February 2003, thereby decreas-

ing the father's support obligations, the income execution was based upon a "mistake of fact" within the meaning of CPLR 5241 (*see Zuckerman v Zuckerman,* 154 AD2d 666 [1989]; *see also Jaeger v Jaeger,* 260 AD2d 351 [1999]).

The mother's remaining contentions are without merit. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.