In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v PATCHOGUE-MEDFORD SCHOOL DISTRICT et al., Respondents. [769 NYS2d 401]—

In a hybrid proceeding pursuant to CPLR article 78 to review

a determination of the respondent Patchogue-Medford School District dated November 15, 2001, which rejected an arbitrator's advisory opinion and award and an action for a judgment declaring that the respondent Patchogue-Medford School District violated the parties' collective bargaining agreement by transferring the petitioner Ronald Hughes from his daytime position at the Patchogue-Medford High School to the night shift at the elementary school of the respondent Patchogue-Medford School District, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered October 22, 2002, which dismissed the petition and declared that the respondent Patchogue-Medford School District did not violate the parties' collective bargaining agreement by transferring the petitioner Ronald Hughes from his daytime position at the Patchogue-Medford School District.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioners' contention, the Supreme Court did not, in the guise of interpreting the parties' collective bargaining agreement (hereinafter the agreement), rewrite provisions of the agreement. It is well established that the interpretation of an unambiguous contract is a function for the, court and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the four corners of the document (see *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]). In short, the proper aim of the court is to arrive at a construction which will give fair meaning to all of the language employed by the parties, and to reach a "practical interpretation of the expressions of the parties to the end that there be a 'realization of [their] reasonable expectations' " (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 400 [1977], quoting 1 Corbin, Contracts § 1). The Supreme Court properly determined that in reviewing and interpreting the plain language contained within the four corners of the agreement, Article X, section C of the agreement, when read in conjunction with Article II, section G of the agreement, clearly and unambiguously permitted the respondent Patchogue-Medford School District (hereinafter the School District) to involuntarily transfer the petitioner Ronald Hughes from his daytime position as a custodian at the Patchogue-Medford High School to the night shift at the School District's elementary school due to an altercation with a student at the high school.

Furthermore, the School District's determination to transfer Hughes was not arbitrary and capricious (see *Matter of Pell v Board of Educ.,* 34 NY2d 222 [1974]; *Matter of Lyons v Whitehead,* 291 AD2d 497 [2002]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.