■ MARVIN RESNICK, Respondent, v FREDDA RESNICK, Appellant. [858 NYS2d 900]—In a matrimonial action in which the parties were divorced by judgment dated July 25, 1994, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Stack, J.), dated April 9, 2007, which denied her motion to vacate a qualified domestic relations order dated October 16, 2000, inter alia, distributing the plaintiff's share in her pension pursuant to the parties' separation agreement, and (2), as limited by her brief, from so much of an order of the same court dated July 24, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 9, 2007 is dismissed, as that order was superseded by the order dated July 24, 2007, made upon reargument; and it is further,

Ordered that the order dated July 24, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied the defendant's motion to vacate the qualified domestic relations order (hereinafter the QDRO) which, inter alia, distributed the plaintiff's share in her pension. The QDRO at issue here was not entered in violation of 22 NYCRR 202.48 (a) (*see Funk v Barry,* 89 NY2d 364, 367 [1996]), and it was in accord with the parties' clear and unambiguous separation agreement (*see Fishler v Fishler,* 2 AD3d 487, 488 [2003]). Furthermore, under the circumstances of this case, the terms by which the parties agreed to distribute their respective pensions were neither unfair nor unconscionable (*see Hardenburgh v Hardenburgh,* 158 AD2d 585 [1990]).

The defendant's remaining contention is without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.