In an action, inter alia, to recover damages for breach of contract, the defendant Tomos, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered March 29, 2007, as granted that branch of the plaintiff’s motion which was for leave to reargue its opposition to that branch of the motion of the defendant Tomos, LLC, which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the breach of contract cause of action insofar *724 as asserted against it, which had been determined in an order entered November 17, 2006, and, upon reargument, vacated the provision in that order granting that branch of the motion and thereupon denied that branch of the motion.
Ordered that the order entered March 29, 2007, is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs motion which was for leave to reargue is denied.
The Supreme Court erred in granting that branch of the plaintiffs motion which was for leave to reargue, as it did not overlook or misapprehend the facts or law on that branch of the initial motion of the defendant Tomos, LLC (hereinafter Tomos), which was to dismiss the breach of contract cause of action insofar as asserted against it. In particular, the motion court did not overlook or misapprehend the facts or law in determining that the concrete wall in the catch basin did not fall within the scope of Tomos’s contractual maintenance and repair obligations. Therefore, it should have denied that branch of the plaintiffs motion which was for leave to reargue.
Paragraph 48 of the lease between Tomos, as landlord, and the plaintiff, as tenant, provides that Tomos was to maintain and repair all structural parts of the subject building and the roof, except for the atrium constructed by the plaintiff. The plaintiff was to maintain the premises and all electrical, air conditioning, heating, plumbing, and hot water heating systems in good working condition. The plaintiff was to maintain all systems servicing the premises, including, but not limited to, the plumbing system. The plaintiff was thus responsible for the unclogging of drain and sewer stoppages, except sewer stoppages occurring outside the premises not arising from the plaintiffs operations. Since there is no dispute that the blockage that caused the flooding giving rise to the instant action occurred in a catch basin located outside the premises, where the Village of Pleasantville had erected a concrete wall at the end of a drainpipe, contrary to Tomos’s contention, the plaintiff is not responsible for the damages.
The statements allegedly made by Tomos’s principal do not show that the subject alteration of the catch basin necessitated a structural repair for which Tomos was responsible. Extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous on its face, as is the agreement here (see Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 8 NY3d 59, 66 [2006]; Fukilman v 31st Ave. Realty Corp., 39 AD3d 812, 813-814 [2007]). The interpretation of an unambiguous contract is the function of the court. The parties’ intent must be gleaned *725 from the four corners of the relevant agreement (see Matter of Berns v Halberstam, 46 AD3d 808, 809 [2007]; Matter of Civil Serv. Empls. Assn. v Patchogue-Medford School Dist., 2 AD3d 848, 849 [2003]; Fishler v Fishler, 2 AD3d 487, 488 [2003]). Tomos is thus not responsible for the drainage system on the premises, and Tomos bore no responsibility for avoiding or correcting nonstructural drainage and sewer stoppages occurring outside of the premises.
In light of our determination, we need not reach Tomos’s remaining contentions. Spolzino, J.E, Covello, Angiolillo and Chambers, JJ., concur.