■ RICHARD GRANAT, Respondent, v PHYLLIS GRANAT, Appellant. [58 NYS3d 531]—

In a matrimonial action in which the parties were divorced by judgment entered August 14, 1992, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 7, 2016, which denied her motion pursuant to CPLR 5241 to direct an income execution against the plaintiff's social security benefits.

Ordered that the order is affirmed, with costs.

In 2015 the defendant moved pursuant to CPLR 5241 to direct an income execution against social security benefits allegedly received by the plaintiff in order to collect alleged maintenance arrears which she claimed were still outstanding pursuant to a 1998 money judgment. The plaintiff opposed the defendant's motion. The Supreme Court denied the defendant's motion, finding that the plaintiff's social security benefits were exempt from execution pursuant to CPLR 5205.

Contrary to the Supreme Court's determination, CPLR 5205, which applies to banking institution accounts into which statutorily exempt payments are made electronically or by direct deposit, is not controlling herein. Nevertheless, we affirm the order denying the defendant's motion, albeit on different grounds.

CPLR 5241 was enacted to aid in the enforcement of support obligations (*see Matter of Kramer v Giannini*, 2 AD3d 636 [2003]). While this statute inaugurated a broad expansion of the benefits available to a creditor (*see Matter of Kennedy v Kennedy*, 195 AD2d 229, 231 [1994]), the special income execution provision of CPLR 5241 is for support obligations only (*see* Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5241:1; *see also Sitarek v Sitarek*, 179 AD2d 1065 [1992]). Under the particular circumstances of this case, the defendant failed to establish entitlement to the issuance of an income execution. Accordingly, the Supreme Court properly denied the defendant's motion. Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.