Theodore Velsor, J.
Petitioner is the former wife of one Charles Diamond who, prior to May 17, 1968, owned the premises which are the subject of. the Sheriff’s sale as a tenant by the *1072 entirety with petitioner. By deed of that date the premises were conveyed to petitioner alone, allegedly for a valuable consideration. .Several judgments had been docketed against Diamond prior to the conveyance, including a judgment in favor of respondent, Mel Chadow, under which the Sheriff levied and sold the debtor’s, interest in the property to respondent Grid Realty Corp. Subsequent to the conveyance and prior to the execution sale, petitioner and Diamond were divorced and, by reason thereof, respondent, Grid Realty Corp. claims to be a tenant in common with petitioner as a result of its purchase of her former husband’s interest in the premises and has commenced an action for partition of the property.
Petitioner; without claiming that there was any defect in the judgment or in the sale, and having actually bid unsuccessfully thereat, asks the court to vacate the sale “ in the interest of justice and fundamental fairness and to avert unreasonable annoyance and abuse in the use of enforcement remedies,”
It is not necessary, in this instance to determine whether the provisions of CPLR 5240 are sufficiently broad to permit the court to vacate a Sheriff’s sale which has already taken place. Even if it were clear that such a procedure could properly be followed, the circumstances here would not warrant the relief which petitioner seeks. The amount of the judgment under which the execution was issued to the Sheriff and the sale conducted was $654.05, plus interest from April, 1968. By notice, dated September 1, 1972, petitioner was advised by the Sheriff that the property would be advertised for sale unless, within 10 days, the sum of $920.74 should be paid. Rather than pay that amount, however, petitioner bid $1,000 at the sale for the debtor’s interest in the property but was outbid by respondent, Grid Realty Corp. which purchased the interest for. $2,336. The court is. not disposed to speculate as to the motives of the petitioner in pursuing this course of action. Whether she was unsophisticated in legal matters, as her papers would have the court believe, or whether her act of bidding'at the sale was an attempt to wipe out other judgments, which failed, is not important. The fact remains that the sale could have been avoided by petitioner by the payment of an amount which was less than that of her bid. Her failure to make that payment does not justify the requested interference by the court with an enforcement procedure which is not claimed to have been conducted except in full compliance with the requirements of CPLR article 52.
While the court is not passing upon the applicability of CPLR 5240 to a situation such as the instant one, it is apparent that *1073 an affirmative holding on this question would, in view of the “ at any time ” provision of the section, wreak havoc among the title insurance companies of the State of New York and would make it virtually impossible for the purchaser at an execution sale to obtain insurance with respect to the title acquired thereat.
If it were the intention of the Legislature that the court should be empowered to vacate a proper execution salé for equitable reasons, it should have made an explicit provision to that effect in the statute and should have provided for a time limit with respect to an application for such relief as it did with respect to CPLR2003.
This motion is in all respects denied.