Burton Herman, Respondent, v John Siegmund, Doing Business as Siegmund Homes, Inc., et al., Appellants, and Leo Bekermus, Intervenor.— Appeal from an order of the Supreme Court, Suffolk County, dated June 19, 1978, which denied the motion of John Siegmund and Siegmund Enterprises, Ltd., *inter alia,* to set aside a Sheriff's sale, on the ground that the application was untimely. Order reversed, without costs or disbursements,

and case remitted to Special Term for a determination of the application on the merits. The instant appeal stems from the plaintiff's efforts to enforce a money judgment entered in a breach of contract action against Siegmund Homes, Inc. In accordance with normal enforcement procedures, the Suffolk County Sheriff levied upon certain property supposedly owned by Siegmund Homes, Inc. On April 13, 1978 the levied property was duly sold at auction. Prior to the distribution of the proceeds of the sale and before the property had been moved, John Siegmund and Siegmund Enterprises, Ltd., brought an order to show cause to vacate the Sheriff's sale on the ground that the levied property was in fact owned by Siegmund Enterprises, Ltd., and not by the judgment debtor, Siegmund Homes, Inc. At argument on the application to set aside the sale, the parties agreed, upon the court's suggestion, that the application would be considered under CPLR 5239 and 5240. It was further agreed that the affidavit of John Siegmund in support of the order to show cause would be deemed the petition. Decision was reserved and the parties were given an opportunity to submit documentary evidence and memoranda of law. Subsequently, Special Term denied the application as untimely under CPLR 5239. No mention was made of the parties' rights under CPLR 5240. CPLR 5239 allows any interested person to commence a special proceeding to determine rights in the property or debt if brought "Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment". There is no question that Siegmund Enterprises, Ltd., as distinguished from Siegmund Homes, Inc., the judgment debtor, is an interested "person" who may commence a proceeding pursuant to CPLR 5239. To the extent that there may have been procedural defects, any such objection must be deemed to have been waived as a consequence of the parties having consented to treating the application as one pursuant to both CPLR 5239 and 5240. When parties have charted their own course, they must be so bound (Cullen v Naples, 31 NY2d 818). In the circumstances of this case, the application to set aside the Sheriff's sale must be deemed timely and there should be a determination on the merits. The language "application of property or debt by a sheriff or receiver to the satisfaction of a judgment", refers to the actual distribution of proceeds and not merely to the time of sale (cf. 6 Weinstein-Korn-Miller, NY Civ Prac, par 5239.07). This is particularly so in the instant situation where the property, although sold, has not been removed. This interpretation is consistent with the aim of making CPLR 5239 an all inclusive tool for the settlement of almost any problem that may arise in connection with the enforcement of money judgments (see, generally, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5239:1, p 443). In addition, Special Term, having agreed to also consider the application under CPLR 5240, should have ruled on the effect of that section. The merits of the application by John Siegmund and Siegmund Enterprises, Ltd., which necessarily includes issues of whether the corporate veil should be pierced, whether the application under CPLR 5239 should be barred by laches, whether such application was fraudulent and if so, whether damages should be awarded pursuant to the statute, and whether there are special circumstances for relief under CPLR 5240, should be determined in the first instance by Special Term. Lazer, Rabin and Cohalan, JJ., concur.

Suozzi, J. P., dissents and votes to affirm the order, with the following memorandum: The application to set aside the Sheriff's sale was treated by Special Term in its memorandum order as an application pursuant to CPLR 5239. Special Term further held that since the application was made after the sale, it was untimely and had to be denied. In reversing the order of

Special Term and remanding the matter for a determination on the merits, the majority holds that an application pursuant to CPLR 5239 is timely even if made after the Sheriff's sale provided, as was true in the case at bar, that the application was made before the Sheriff distributed the proceeds to the judgment creditor. If the application at bar were indeed one properly brought pursuant to CPLR 5239, I would have no reservation in joining with the majority (see *Lincoln Rochester Trust Co. v Marasco Steel,* 66 Misc 2d 295; *Registrato v Corso,* 70 Misc 2d 494; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5239.07). However, upon reading the language of CPLR 5239, it is my view that the section is inapplicable to the facts at bar. Moreover, the record discloses that the movants treated their application as one pursuant to CPLR 5240. Finally, it is my view that under CPLR 5240 the application would have to be denied on the merits. The facts of this case are as follows: The plaintiff obtained a judgment on April 5, 1977 against defendant Siegmund Homes, Inc., in the amount of $4,260.17 for breach of contract. Thereafter, supplementary proceedings were conducted wherein defendant John Siegmund was examined as an officer of Siegmund Homes, Inc. During the examination, it was revealed that John Siegmund was the sole shareholder, officer and director of three corporations: (1) Siegmund Homes, Inc.; (2) Siegmund Enterprises, Ltd.; and (3) Siegmund Construction Enterprises, Inc. Mr. Siegmund also stated during these proceedings that the property used by Siegmund Homes, Inc., in the course of its business, including three model homes on Route 24 in Hampton Bays, were leased from Siegmund Enterprises, Ltd. However, Mr. Siegmund could offer no written evidence or any documentation substantiating that allegation. Mr. Siegmund also stated that in 1972 certain vehicles were transferred from Siegmund Homes, Inc., to Siegmund Enterprises, Ltd. Also, Mr. Siegmund stated that a life insurance policy on his life was transferred from Siegmund Homes, Inc., to Siegmund Construction Enterprises, Inc., for no consideration. On November 2, 1977 plaintiff delivered an execution to the Suffolk County Sheriff to satisfy the judgment. The Sheriff noticed a sale for December 9, 1977 of all of the right, title and interest of Siegmund Homes, Inc., to one of the model homes. The Sheriff also had delivered a copy of the execution to John Siegmund who, by letter dated November 2, 1977, informed the Sheriff that defendant Siegmund Homes, Inc., did not own that model home but that it was owned by Siegmund Enterprises, Ltd. On December 23, 1977, defendant Siegmund Homes, Inc., was dissolved. The sale was adjourned by plaintiff's attorney, who, by letter dated January 11, 1978, requested that additional property be levied upon and that a new sale date be set. Subsequently, the Sheriff levied upon two more model homes at the Hampton Bays site and a sale was scheduled for March 8, 1978. This sale was adjourned to April 13, 1978. At the auction, the intervenor, as the highest bidder, purchased the property. On April 14, 1978 defendant John Siegmund and Siegmund Enterprises, Ltd., moved by order to show cause to set aside the Sheriff's sale. The thrust of the application was that the model homes levied upon and sold were owned by Siegmund Enterprises, Ltd., and not the judgment debtor and that at the time of the sale, defendant John Siegmund was undergoing surgery in Nassau County. It was this application which Special Term denied as untimely. CPLR 5239 provides, in part, as follows: "Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt, by serving a notice of petition upon the respondent, the sheriff or receiver, and such other person as the

court directs, in the same manner as a notice of motion." The clear language of this section indicates that it governs the situation where there are bona fide adverse claimants to the debtor's property which is the subject of the Sheriff's sale. By its very language the statute was not designed to allow a judgment debtor to thwart a Sheriff's sale by posing as an adverse claimant through the use of a corporate shell game, which is exactly what Mr. Siegmund is attempting to perpetrate in the case at bar. Moreover, if the application were one brought pursuant to CPLR 5239, it would have to be denied as procedurally defective. CPLR 5239 provides that an application thereunder be commenced as "a special proceeding" and not simply by a motion in the original action as was done here. Indeed, during the hearing on the motion, Mr. Siegmund's attorney conceded that a special proceeding commenced by service of a petition was the appropriate vehicle under CPLR 5239 and specifically stated that "I would just treat it as a 5240 application." However, the application must be denied on the merits if treated as one pursuant to CPLR 5240, which provides: "The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure. Section 3104 is applicable to procedures under this article." It has been held that in the absence of special circumstances, CPLR 5240 cannot be used to vacate a bona fide Sheriff's sale which has already been completed (*Murphy v Grid Realty Corp.*, 73 Misc 2d 1071). In *Murphy v Grid Realty Corp.* (*supra*, p 1073), the court stated: "If it were the intention of the Legislature that the court should be empowered to vacate a proper execution sale * * * it should have made an explicit provision to that effect in the statute and should have provided for a time limit with respect to an application for such relief". No special circumstances exist in the case at bar which justify a vacatur of the Sheriff's sale. In response to defendant Siegmund's letter of November 2, 1977 that the house listed in the notice of the Sheriff's sale scheduled for December 9, 1977 was not owned by defendant Siegmund Homes, Inc., the judgment debtor, the sale was adjourned. Subsequently new notices were sent out to the defendants listing other houses to be sold on March 8, 1978. This sale was again adjourned and was subsequently held on April 13, 1978. At no time between the receipt of the new notice fixing the adjourned date of the sale as March 8, 1978 and the actual sale on April 13, 1978, did the defendant Siegmund notify the Sheriff, as he had done earlier, that the houses listed for sale were not owned by defendant Siegmund Homes, Inc., the judgment debtor. The record, therefore, clearly demonstrates that Mr. Siegmund had more than ample opportunity to protect his rights and has never given a satisfactory explanation for his failure to do so. Under these circumstances, the application to vacate the Sheriff's sale, upon which the plaintiff and the intervenor purchaser relied in good faith, should have been denied, not as untimely as held by Special Term, but on the merits. Accordingly, I dissent and vote to affirm.