OPINION OF THE COURT
Melvyn Tanenbaum, J.
This special proceeding to determine adverse claims pursuant to CPLR 5239 brought on by order to show cause (Underwood, J.) dated March 8, 1985, is determined as follows:
The relevant facts are not in dispute. Between July and November 1979 petitioner sold three performance bonds to Cavaliere Electric Contracting, Ltd. (Cavaliere Electric) covering three separate municipal construction contracts. Benedict Cavaliere (Cavaliere) and Joyce Cavaliere agreed to personally indemnify petitioner in the event petitioner was required to pay under the terms of the bonds. As a result of Cavaliere Electric’s failure to perform pursuant to the terms of the contracts, petitioner was required to expend the sum of $30,473.48, and based upon the indemnity agreement, Benedict and Joyce Cavaliere became obligated to petitioner for those sums.
However, on November 21, 1980, before an action was commenced by petitioner, Benedict Cavaliere (Cavaliere) filed a petition in bankruptcy under Bankruptcy Act chapter 11 (11 USC § 110 et seq.; Reorganization), which was later converted to a petition under Bankruptcy Act chapter 7 (11 USC § 70 et seq.; Liquidation) by order of the Bankruptcy Court dated July 15, 1981. The petition in Bankruptcy Court listed both peti *259 tioner and respondent, another unsecured creditor, under schedule A-3 (Creditors Having Unsecured Claims with Priority). It is uncontroverted that petitioner received notice of the petition when the notice of the meeting of creditors was mailed by the clerk of that court on December 18, 1980. On January 9, 1981 a meeting of creditors was held and closed.
Subsequently, on January 19, 1981, respondent, by its attorneys, commenced an action against Benedict Cavaliere by service of a summons and complaint seeking to recover those sums listed in the bankruptcy action as being owed to respondent. It is not clear whether service was completed at this time or whether Cavaliere Electric and Joyce Cavaliere were simultaneously served. Respondent’s attorneys were purportedly notified of the pending bankruptcy proceeding shortly after completion of service and thereupon ceased all efforts to prosecute the action against Benedict Cavaliere. That part of the action against the two codefendants, also named in respondent’s complaint, is not in issue in this proceeding.
On August 31, 1982 the bankruptcy action was dismissed upon the debtor’s failure to appear at a creditor’s meeting. Respondent then moved in this court by notice of motion dated October 25, 1982 for a default judgment which was entered against Benedict Cavaliere on March 4, 1983 in the sum of $17,860.34.
While respondent was seeking to obtain a default judgment in its action commenced during the pendency of the bankruptcy proceedings, petitioner commenced its own action on or about January 11, 1983, after at least two unsuccessful attempts to serve process, by service upon Cavaliere at his new address in Florida where he had relocated. A default judgment in petitioner’s behalf was duly entered against the debtor on May 4, 1983.
Although no specific real property has been identified, both parties have apparently delivered executions to the Sheriff of Suffolk County to sell the real property of Benedict Cavaliere located in this county. Respondent’s judgment having been docketed with the county clerk before petitioner’s judgment, in the absence of an order directing otherwise, the Sheriff must first distribute the proceeds of any such sale by satisfying respondent’s judgment before applying any surplus to the satisfaction of petitioner’s judgment (CPLR 5236 [g]; 5203 [a]). In the instant matter, petitioner alleges, without contradiction, that the equity in the real property of Benedict Cavaliere *260 is such that there is unlikely to be a bid beyond the amount of respondent’s judgment and therefore petitioner will realize no benefit from said sale.
The court notes preliminarily that respondent’s judgment, although having been entered by order of Mr. Justice Robert Doyle dated November 12, 1982, was premised on Cavaliere’s alleged default and thus this motion need not have been made returnable before that Justice (CPLR 2221 [1]).
There is no question but that at the time that respondent served process upon Cavaliere a stay was in existence pursuant to 11 USC § 362 which was applicable to the actions taken by respondent (11 USC § 103 [a]). At that time the Federal statute provided for an automatic stay prohibiting (11 USC § 362 [a] [1]): "[T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other * * * proceeding against the debtor that was or could have been commenced before the commencement of the case under this title [11 USC § 1 et seq.], or to recover a claim against the debtor that arose before the commencement of the case under this title [11 USC § 1 et seq.]” (emphasis supplied).
By the terms of this statutory stay, service of process of respondent’s action was prohibited. Lack of knowledge of the imposition did not nullify the stay although it may have eliminated contempt as a remedy for its enforcement (Kalb v Feuerstein, 308 US 433 [1940]; Caribbean Food Prods. v Banco Credito y Ahorro Ponceno, 575 F2d 961 [1st Cir 1978]; In re Victoria Grain of Minneapolis, Minn., 45 Bankr 2 [Bankr, Minn 1984]). Thus, whether respondent’s counsel ever received notice of the filing of the petition, or even whether respondent itself received such notice, the automatic stay was in effect as of November 21, 1980 and respondent’s commencement of the action against Cavaliere clearly violated it.
Petitioner contends that it should receive priority in the distribution of the sale proceeds since the stay rendered any actions taken in violation of it void ab initio. Since respondent’s default judgment against Cavaliere was predicated on an action commenced while the stay was in effect, it is argued, the judgment is a legal nullity. Alternatively, petitioner asserts that the procedures employed by respondent in obtaining said default were inadequate as a matter of law and likewise insufficient to support a priority on respondent’s behalf. Respondent contends that petitioner is without standing to com *261 menee this proceeding under CPLR 5239 and, even if it is, the bankruptcy proceeding did not render its default judgment void ab initio but rather voidable at the option of the debtor only.
The court finds that respondent’s argument that petitioner has no standing to commence this proceeding to be without merit. CPLR 5239 provides: "§ 5239. Proceeding to determine adverse claims. Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt” (emphasis supplied).
The use of the broad term "any interested person” was clearly intended to effectuate the statute’s purpose in making it "an all inclusive tool for the settlement of almost any problem that may arise in connection with the enforcement of money judgments” (Herman v Siegmund, 69 AD2d 871, 872 [2d Dept 1979]). To assert that petitioner is not a party aggrieved by the alleged acts of respondent is to ignore the realities of the effect of those acts on petitioner’s ability to enforce its judgment (see generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5239:l, p 443).
Respondent further argues that petitioner lacks standing since respondent’s acts done in violation of the stay were not void ab initio. Such acts, it is argued, are voidable only upon application of the judgment debtor. The court notes, without deciding the issue, that there appears to be some lower court decisions supporting the proposition that the stay is for the benefit of the debtor in the bankruptcy proceeding and if the debtor chooses to ignore stay violations other parties cannot use such violations to their advantage (In re Silverman v 122-24 E. 25th St. Corp., 42 Bankr 509 [Bankr NY 1984]; In re Fuel Oil Supply & Terminaling, 30 Bankr 360 [Bankr ND, Texas 1983]). Such determinations, being made in the context of bankruptcy proceedings in which the debtor and all parties are on notice of all applications made by any other party, have no relevancy to this special proceeding under CPLR 5239. Pursuant to that statute, this court has the power, upon the application of an interested party, to "vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded”, and pursuant to CPLR 5015 (a) (3) to vacate its own judgment on the motion of "any interested person” upon the ground of *262 "fraud, misrepresentation, or other misconduct of an adverse party” (Oppenheimer v Westcott, 47 NY2d 595 [1979], vacatur available to interested nonparty). Moreover, this court possesses an inherent power, not limited by statute, to set aside a judgment where it was not properly obtained, among other grounds, in accordance with the principles of due process (see, Town of Greenburgh v Schroer, 55 AD2d 602 [2d Dept 1976]).
Nor will the court find a lack of standing in a purported deficiency in the proof of service submitted by petitioner in support of its default judgment against the debtor. Respondent asserts that petitioner’s own judgment is defective since the proof of service, a Sheriffs certificate from the State of Florida, is inadequate both in substance and in form. Even assuming, arguendo, that such defects would require dismissal of the petition, the court notes that petitioner’s proof of service does in fact conform with the substantive requirements of CPLR 306 (a) in that it specifies the papers served ("Alias Summons and Complaint”), the person who was served ("Benedict V. Cavaliere”), the date ("1-11-83”), the time ("11:00 a.m.”), the address ("10151 N.W. 35th Street, Apt No. 4 Coral Springs”) and facts showing that service was made by an authorized person in an authorized manner ("Individual Service: By serving the within named person a copy of the writ, with the date and hour of service endorsed thereon by me, and at the same time delivering to the within named person a copy of the complaint petition or initial pleading”). Furthermore, with respect to petitioner’s purported failure to produce pursuant to CPLR 306 (a) proof of service in the form of a certificate which respondent argues must be authenticated in a manner provided for in CPLR 4540 (c), the court notes that such authentication is a curable procedural defect and is not jurisdictional. The court finds for the purpose of the issues on this proceeding sufficient circumstantial guarantee of the document’s authenticity in the fact that respondent lists the same address for the debtor in its own default judgment entered March 4, 1983 and in petitioner’s counsel’s affirmation as a member of the Florida Bar, "that this certificate conforms with the practice” in that State (see, Welde v Wolfson, 32 AD2d 973 [2d Dept 1969]). Moreover, in the absence of a showing that there is a substantial question surrounding the validity of petitioner’s service of process upon the debtor raised by one with personal knowledge, the court will not engage in an otherwise academic exercise by examining the jurisdictional underpinnings of petitioner’s default judgment.
*263 Addressing the substantive issue before the court, the parties would frame the question in a fashion to have this court declare whether the legislative intention expressed in 11 USC § 362 was that the effect of automatic stay was to render all acts in violation thereof void ab initio or merely voidable. Obviously, if respondent’s acts were void ab initio they would be nullities having no force or effect "so that nothing can cure it” (see, Black’s Law Dictionary 1411 [5th ed 1979]) and the respondent’s judgment could not be enforced as against petitioner. The Bankruptcy Courts themselves have been divided on this issue (compare, In re Miller, 10 Bankr 778 [Bankr, D Md 1981]; In re Advent Corp., 24 Bankr 612 [1st Cir 1982]; In re Young, 14 Bankr 809 [Bankr, ND Ill 1981] [violation of stay renders acts void ab initio], with In re Oliver, 38 Bankr 245 [Bankr, D Minn 1984]; In re Fuel Oil Supply & Terminaling, supra; In re Silverman, supra [violation of stay renders acts voidable]). This court, however, need not resolve this issue since it finds that respondent’s actions in violation of the automatic stay are at least voidable to the extent that they affect the rights of petitioner.
Both petitioner and respondent were listed as creditors on the bankruptcy petition and were bound by the same restrictions on their actions vis-á-vis Cavaliere. Although respondent could have sought to have relief from the stay through the appropriate procedures under the Bankruptcy Act (11 USC § 362 [d]) after notice to all parties, it did not choose to do so. Simply expressed, petitioner obeyed the stay and respondent ignored it, if not intentionally at the time of service of process, then subsequently when the stay was lifted upon dismissal of the petition and respondent took no steps to recommence the action de novo. Such actions are contrary to the very purpose of the bankruptcy statutes which seek to centralize, at least initially, all creditor suits in a single forum so as "to prevent a chaotic * * * scramble for the debtor’s assets”, a scramble which could very well lead to "conflicting [decisions] from different courts” (Fidelity Mtge. Investors v Camelia Bldrs., 550 F2d 47, 55 [2d Cir 1976]) and rewards the creditor who would slip into line at the expense of other creditors who have fully complied with the stay. To permit such a result would be to sanction a denial of petitioner’s due process rights to notice and opportunity to be heard since there is no showing that petitioner ever received notice of respondent’s action and the debtor chose not to contest the violation of the stay in the bankruptcy proceeding, assuming even that proper service was *264 in fact effectuated. There having been no other judgment entered on behalf of respondent against Cavaliere prior to the entry of petitioner’s judgment, the court finds that petitioner’s judgment is entitled to priority in the distribution of the proceeds of the Sheriff’s sale.
Accordingly, the court directs that in distributing the proceeds of the Sheriff’s sale of Cavaliere’s real property, petitioner’s judgment shall have priority over respondent’s judgment. Neither Cavaliere nor any other creditor having been made a party to the special proceeding, this order shall not otherwise affect the validity of respondent’s judgment or its priority status with respect to any other judgment or lien.
The court has considered respondent’s remaining contentions and finds them to be without merit.
Furthermore, in view of the court’s determination, petitioner’s contentions regarding other alleged procedural defects in respondent’s obtaining the default judgment against Cavaliere have not been considered.