■ KHALIL M. NEJEIDI et al., Appellants, v REPUBLIC NATIONAL BANK OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. GETTY PETROLEUM CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [642 NYS2d 61] —In an action to recover damages based on the release of certain bank account information, the plaintiffs appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 24, 1995, which granted the separate motions of the defendant third-party plaintiff Republic National Bank of New York and the third-party defendant Getty Petroleum Corp. to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 1992, the third-party defendant Getty Petroleum Corp. (hereinafter Getty), attempting to collect a money judgment which it had obtained against Mohamed Nejeidi, issued a "restraining notice" (*see,* CPLR 5222) with respect to certain bank accounts maintained by the defendant third-party plaintiff Republic National Bank of New York (hereinafter Republic). Pursuant to CPLR 5222, Republic was obligated to honor this notice and to place a restraint on the accounts specified therein, which were believed by judgment creditor Getty

to comprise property owned by the judgment debtor Mohamed Nejeidi. The plaintiffs subsequently commenced a proceeding pursuant to CPLR 5239 in the Civil Court of the City of New York, asserting that the accounts referred to in Getty's notice had been improperly restrained. After a nonjury trial, the Civil Court vacated Getty's restraining notice based on the conclusion that the money in the accounts specified therein belonged to the plaintiffs rather than to Mohamed Nejeidi, the judgment debtor.

The plaintiffs subsequently commenced the present action for money damages against Republic in Supreme Court, claiming that Republic had negligently "conveyed to [Getty] the fact that the plaintiffs' said bank accounts were * * * the property of [Mohamed Nejeidi]". They sought compensation for emotional distress and for the attorneys' fees which they had incurred in connection with the previous Civil Court proceeding. Republic later served a third-party complaint against Getty. On the separate motions of Getty and Republic, the Supreme Court dismissed the complaint, finding that the plaintiffs' claim was barred by the doctrine of res judicata. We affirm.

The plaintiffs' current claim against Republic arose out of the same transaction as that which formed the basis of the prior litigation in the Civil Court. Both Getty and Republic were parties to that prior proceeding, which resulted in a final judgment. Assuming, without deciding, that the plaintiffs have even stated a valid claim for money damages against Republic, we see no reason under the particular circumstances of this case why such a cause of action could not have been asserted in the prior Civil Court litigation. The complaint was therefore properly dismissed on the basis of res judicata (see, Coliseum Tower Assocs. v County of Nassau, 217 AD2d 387).

In light of this determination, we need not decide whether the complaint is also subject to dismissal on other grounds as well. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.