12-1200-cv, 12-1342-cv
Cruz v. TD Bank, N.A., Martinez v. Capital One Bank, N.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Argued: December 12, 2012      Decided: March 27, 2013)

Docket No. 12-1200-cv
_____

GARY CRUZ and CLAUDE PAIN, individually and on behalf of all
others similarly situated,
                                        *Plaintiffs-Appellants*,

v.

TD BANK, N.A.,
                                        *Defendant-Appellee.*

_____

Docket No. 12-1342-cv
_____

GERALDO F. MARTINEZ and JOSEPH CUMMINGS, individually and on
behalf of all others similarly situated,
                                        *Plaintiffs-Appellants*,

v.

CAPITAL ONE BANK, N.A.,
                                        *Defendant-Appellee.**

_____

Before:
        POOLER, HALL, and CHIN, *Circuit Judges*.

        Appeals heard in tandem from judgments of the

United States District Court for the Southern District of

New York (Castel, *J.*, and Sullivan, *J.*) dismissing

plaintiffs-appellants' claims under Article 52 of the New

_____
        *       The Clerk of Court is directed to amend the official
caption to conform to the above.

York Civil Practice Law and Rules, as amended by the Exempt

Income Protection Act, 2008 N.Y. Laws ch. 575, and under

New York common law.

DECISION RESERVED and QUESTIONS CERTIFIED.

G. OLIVER KOPPEL (Daniel F. Schreck, *on the brief*), Law Offices of G. Oliver Koppell & Associates, New York, New York, *for Gary Cruz, Claude Pain, Geraldo F. Martinez, Joseph Cummings*.

Alexander D. Bono, Ryan E. Borneman, Duane Morris, LLP, Philadelphia, Pennsylvania, *for TD Bank, N.A.*

Robert Plotkin, Kurt E. Wolfe, Matthew A. Fitzgerald, McGuire Woods LLP, New York, New York, Washington, D.C., and Richmond, Virginia, *for Capital One Bank, N.A.*

Gina M. Calabrese, St. Vincent de Paul Legal Program, Inc., Elder Law Clinic, St. John's University School of Law, Jamaica, New York, *and* Claudia E. Wilner, Neighborhood Economic Development Advocacy Project Inc., New York, New York, *for Amici Curiae AARP, District Council 37 Municipal Employees Legal Services, The Legal Aid Society, Lincoln Square Legal Services, Inc., MFY Legal Services, Neighborhood Economic Development Advocacy Project, Inc., St. Vincent de Paul Legal Program, Inc., The Urban Justice Center*.

CHIN, *Circuit Judge*:

These appeals, heard in tandem, challenge two separate judgments entered in the United States District Court for the Southern District of New York (Castel, *J.*, and Sullivan, *J.*), in favor of defendants-appellees TD Bank, N.A. ("TD Bank") and Capital One Bank, N.A. ("Capital One"), respectively, dismissing plaintiffs' claims that the banks violated (1) Article 52 of the New York Civil Practice Law and Rules ("CPLR"), as amended by the Exempt Income Protection Act ("EIPA"), 2008 N.Y. Laws Ch. 575 (codified as amended at CPLR 5205, 5222, 5222-a, 5230, 5231, and 5232), and (2) New York common law.

In both cases, the plaintiff judgment debtors maintained accounts with the defendant banks. The banks notified plaintiffs that their accounts were frozen pursuant to restraints served by third-party creditors. Plaintiffs allege, however, that the banks failed to provide them with certain required notices and forms, restrained their accounts, and assessed them fees, all in violation of EIPA.

The district courts dismissed the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding that judgment debtors do not have a private right of action against their banks for the banks' violations of EIPA's procedural requirements. *See Cruz v.*

-3-

*TD Bank, N.A.*, 855 F. Supp. 2d 157 (S.D.N.Y. 2012); *Martinez v. Capital One, N.A.*, 863 F. Supp. 2d 256 (S.D.N.Y. 2012).

These appeals present unresolved questions of New York law:

*first*, whether judgment debtors have a private right of action for money damages and injunctive relief against banks that violate EIPA's procedural requirements; and

*second*, whether judgment debtors can seek money damages and injunctive relief against banks that violate EIPA in special proceedings prescribed by Article 52 of the CPLR and, if so, whether those special proceedings are the exclusive mechanism for such relief or whether judgment debtors may also seek relief in a plenary action.

Because these unresolved questions implicate significant New York state interests and are determinative of these appeals, we reserve decision and certify them to the New York State Court of Appeals.

### *BACKGROUND*

For purposes of these appeals, we assume the facts alleged in the complaints to be true and draw all reasonable inferences in plaintiffs' favor. *See Mortimer Off Shore Servs., Ltd. v. Fed. Rep. of Germ.*, 615 F.3d 97, 113-14 (2d Cir. 2010).

-4-

## A.  *CPLR Article 52 and EIPA*

CPLR Article 52 governs the enforcement and collection of money judgments in New York State courts. *See* CPLR 5201-5252.  In 2008, the New York State legislature amended Article 52 by enacting EIPA, which created a procedure for the execution of money judgments such that judgment debtors would retain access to certain exempt funds deposited in their bank accounts.  These exempt funds included, for example, a certain minimum amount regardless of the source, as well as a minimum amount received from social security benefits, public assistance, unemployment insurance, and pensions.  *See* N.Y. State Senate Introducer's Mem. in Supp., Bill No. S6203, at 3-4 [hereinafter "Sponsors Memo"].[1]  The stated purpose of EIPA was to protect a baseline amount of every person's income "[t]o ensure that money judgments do not render

---

[1]     *See, e.g.*, CPLR 5222(i) (prohibiting restraint of a minimum amount of funds in an account, regardless of the source); *id.* 5222(h), 5205(l)(1) (prohibiting restraint of the first $2,500 of income in a debtor's bank account "reasonably identifiable as statutorily exempt" and deposited electronically or by direct deposit within the preceding forty-five days); *id.* 5205(l)(2) (defining "statutorily exempt payments" as "any personal property exempt from application to the satisfaction of a money judgment under any provision of state or federal law," including but not limited to "retirement, survivors' and disability benefits, supplemental security income or child support payments; veterans administration benefits; public assistance; workers' compensation; unemployment insurance; public or private pensions; railroad retirement; and black lung benefits").

working New Yorkers unable to care for their or their families' most basic needs."  *Id.* at 3.

As relevant to these cases, EIPA prohibits the restraint of a minimum amount of funds in a judgment debtor's account, regardless of the source of the funds. *See* CPLR 5222(i).[2]  Further, pursuant to EIPA's new procedures, judgment debtors must be notified of the available exemptions and how to claim them.  Accordingly, to restrain a debtor's bank account, a judgment creditor must serve the debtor's bank with two copies of the restraining notice, an exemption notice, and two exemption claim forms, in a prescribed format.  CPLR 5222-a(b)(1), (4).  If the creditor fails to serve these notices and

---

[2]     CPLR 5222(i) provides, in relevant part:

> A restraining notice issued pursuant to this section shall not apply to an amount equal to or less than the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable . . . except such part thereof as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

CPLR 5222(i).  At the time of the restraints at issue here, the first $1,740 in plaintiffs' bank accounts were exempt from restraint, regardless of the source.  *See* Cruz Am. Compl. ¶ 22 n.4, ECF No. 17; *Cruz v. T.D. Bank, N.A.*, 855 F. Supp. 2d 157, 167 (S.D.N.Y. 2012); Martinez Am. Compl. ¶ 22 n.5, ECF No. 16; *Martinez v. Capital One, N.A.*, 863 F. Supp. 2d 256, 259 (S.D.N.Y. 2012).

forms on the bank, the bank cannot restrain the debtor's account and any restraint on the account is void. *Id.*

EIPA also requires the debtor's bank to serve the notices and forms on the debtor within two days after receiving them from the creditor. *Id.* 5222-a(b)(3). Banks are prohibited from charging fees to debtors whose accounts are exempt from restraint or restrained "in violation of" EIPA. *Id.* 5222(j). Nevertheless, under CPLR 5222-a(b)(3), "[t]he inadvertent failure by a depository institution to provide the notice required by this subdivision shall not give rise to liability on the part of the depository institution." *Id.* 5222-a(b)(3).

Article 52 prescribes certain procedures to resolve disputes that arise in connection with the enforcement and collection of money judgments. CPLR 5239, entitled "[p]roceeding to determine adverse claims," provides:

> Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt.

*Id.* 5239. The presiding court "may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded." *Id.*

-7-

In addition, CPLR 5240 empowers a court "at any time, on its own initiative or the motion of any interested person, . . . [to] make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."  *Id.* 5240.  The New York State Court of Appeals has explained that CPLR 5240 "grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts."  *Guardian Loan Co. v. Early*, 47 N.Y.2d 515, 519 (1979) (citations and internal quotation marks omitted).

Finally, CPLR 5222-a(h), entitled "[r]ights of judgment debtor," provides that "[n]othing in this section shall in any way restrict the rights and remedies otherwise available to a judgment debtor, including but not limited to, rights to property exemptions under federal and state law."  CPLR 5222-a(h).

B.   *Cruz v. TD Bank, N.A., No. 12-1200-cv*

Named plaintiffs Gary Cruz and Claude Pain (together, the "Cruz plaintiffs") are residents of New York who maintained bank accounts at TD Bank, a national bank with branches in several states, including New York.  In August 2009, TD Bank notified Cruz that his checking account and savings account, containing a total of

approximately $3,020 received from wages, had been frozen pursuant to a restraining notice served by Cruz's third-party creditors. On December 31, 2010, TD Bank notified Pain that his checking account, containing approximately $340 received from wages, had been frozen pursuant to a restraining notice served by Pain's third-party creditors.

TD Bank subsequently charged the Cruz plaintiffs administrative fees associated with restraining their accounts and overdraft fees due to checks that bounced after their accounts were frozen. Further, the Cruz plaintiffs allege that TD Bank did not provide them with copies of the restraining notices that the third-party creditors served on TD Bank, disclosures concerning property that was exempt from restraint, or forms advising them how to claim an exemption, as required by EIPA.

On October 21, 2010, Cruz filed this putative class action seeking damages and injunctive relief pursuant to EIPA and New York common law, principally alleging that TD Bank failed to provide him with the required notices and forms as required by CPLR 5222-a(b)(3), restrained his entire account in violation of CPLR 5222(i), and assessed him fees in violation of CPLR 5222(j).[3] On March 14, 2010,

---

[3] The same day that Cruz filed the instant action, Geraldo Martinez and five additional judgment-debtor depositors filed nearly identical lawsuits against their respective banks in New York federal courts. *See* Compl., *Martinez v. Capital One Bank, N.A.*, No. 10 Civ. 8028 (S.D.N.Y. Oct. 21, 2010), ECF No. 1;

-9-

Cruz filed an amended complaint that added Pain as a named plaintiff.

On March 2, 2012, the district court (Castel, *J.*) granted TD Bank's motion to dismiss the Cruz plaintiffs' claims.[4]  *See Cruz*, 855 F. Supp. 2d at 164.  The court concluded that EIPA did not create a private right of action for money damages and that plaintiffs' common law claims failed as a matter of law.[5]  *See id.* at 168, 174.

## C.    *Martinez v. Capital One Bank, N.A., No. 12-1342-cv*

Named plaintiffs Geraldo Martinez and Joseph Cummings (together, the "Martinez plaintiffs") are residents of New York who maintained bank accounts at Capital One, a national bank with branches in several states, including New York.  On January 15, 2010, Capital One notified Cummings, who maintained one checking account and two savings accounts at Capital One, that one of his

Compl., *Matin v. HSBC Bank USA, N.A.*, No. 10 Civ. 8029 (S.D.N.Y. Oct. 21, 2010), ECF No. 1; Compl., *Acevado v. Citibank, N.A.*, No. 10 Civ. 8030 (S.D.N.Y. Oct. 21, 2010), ECF No. 1; Compl., *Latimore v. Mun. Credit Union*, No. 10 Civ. 8031 (S.D.N.Y. Oct. 21, 2010), ECF No. 1; Compl., *Luciano v. Bank of Am., N.A.*, No. 10 Civ. 8032 (S.D.N.Y. Oct. 21, 2010), ECF No. 1; Compl., *Onate v. JP Morgan Chase Bank, N.A.*, No. 10-cv-4853 (E.D.N.Y. Oct. 21, 2010), ECF No. 1.

[4]    On March 23, 2012, another district court (Gardephe, *J.*) granted a motion to dismiss nearly identical claims brought in a separate action against Citibank, N.A.  *See Acevado v. Citibank, N.A.*, No. 10 Civ. 8030, 2012 U.S. Dist. LEXIS 40242 (S.D.N.Y. Mar. 23, 2012).

[5]    The district court did not decide whether plaintiffs had a private right of action for injunctive relief under EIPA. *See Cruz*, 855 F. Supp. 2d at 164, 170-74.

savings accounts had been frozen due to a restraining notice served by Cummings's third-party creditors.[6] According to Cummings, Capital One also restrained his other savings account (containing approximately $240.00) and his checking account (containing less than $2,500.00), but did not notify him that the accounts had been frozen. On April 29, 2010, Capital One notified Martinez that a portion of his checking account, containing approximately $2,156.15 received from wages, had been frozen due to a restraining notice served by Martinez's third-party creditors.

Capital One subsequently charged the Martinez plaintiffs legal processing fees associated with restraining their accounts. Further, the Martinez plaintiffs allege that Capital One did not provide them with copies of the restraining notices that the third-party creditors served on Capital One, disclosures concerning property that was exempt from restraint, or forms advising them how to claim an exemption, as required by EIPA. Ultimately, Capital One paid the money in the Martinez plaintiffs' accounts to their respective creditors.[7]

_____

[6] Although the restraining notice purported to restrain $5,630.16 in Cummings's savings account, Cummings asserts that his account contained only $1,137.29, received from wages.

[7] Capital One paid Cummings's creditors $1,087.43 from his first savings account, and all of the funds in his other savings account and his checking account.

On October 21, 2010, Martinez filed this putative class action seeking damages and injunctive relief pursuant to EIPA and New York common law, principally alleging that Capital One failed to provide him with the required notices and forms as required by CPLR 5222-a(b)(3), restrained his entire account in violation of CPLR 5222(i), and assessed him fees in violation of CPLR 5222(j). On February 7, 2011, Martinez filed an amended complaint that added Cummings as a named plaintiff.

On March 27, 2012, the district court (Sullivan, *J.*) granted Capital One's motion to dismiss the Martinez plaintiffs' claims. *See Martinez*, 863 F. Supp. 2d at 259. The court concluded that EIPA "does not carry with it a private right of action" and held that plaintiffs' common law claims failed as a matter of law. *Id.* at 266.

These appeals followed.

### DISCUSSION

A. *Applicable Law*

1. *Standard of Review*

We review *de novo* a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### 2. *Certification to the New York State Court of Appeals*

"When we are faced with a question of New York law that is decisive but unsettled, we may 'predict' what the state's law is, consulting any rulings of its intermediate appellate courts and trial courts, or we may certify the question to the New York Court of Appeals." *Windsor v. United States*, 699 F.3d 169, 177 (2d Cir. 2012). New York law and Second Circuit local rules permit us to certify to the New York State Court of Appeals "an unsettled and significant question of state law that will control the outcome of a case pending before this Court." *Zakrzewska v. New Sch.*, 574 F.3d 24, 27 (2d Cir. 2009) (internal quotation marks omitted) (citing N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a); 2d Cir. R. 27).

"We have deemed certification appropriate where state law is not clear and state courts have had little opportunity to interpret it, where an unsettled question of state law raises important issues of public policy, where the question is likely to recur, and where the result may significantly impact a highly regulated industry." *State Farm Mut. Auto. Ins. Co. v. Mallela*, 372 F.3d 500, 505 (2d

-13-

Cir. 2004) (internal citations and quotation marks omitted); *accord Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, 702 F.3d 152, 158 (2d Cir. 2012). Accordingly, in deciding whether to certify a question to the New York State Court of Appeals, we consider: (1) the absence of controlling state court decisions interpreting the law in question; (2) the importance of the issue to the state and whether the issue implicates state public policy; and (3) the capacity of the certified issues to resolve the litigation. *See Pachter v. Bernard Hodes Grp., Inc.*, 505 F.3d 129, 131 (2d Cir. 2007); *Zakrzewska*, 574 F.3d at 27-28.

## B. *Application*

On appeal, plaintiffs challenge the district courts' conclusion that judgment debtors have no plenary private right of action against banks that violate EIPA's procedural requirements. Plaintiffs argue that the history of Article 52 and the text of EIPA create by negative inference a private right of action by judgment debtors against their banks. Plaintiffs point to the purported "lengthy history" of New York cases permitting private rights of action against banks that violate Article 52 and argue that in light of the reservation of rights set forth in CPLR 5222-a(h), it is "clear that preexisting rights of the judgment debtor, such as the right to bring lawsuits

against banks for violating Article 52, are permitted."
Cruz Appellants' Br. 17-18; *accord* Martinez Appellants' Br.
15-16.  Further, plaintiffs argue that because CPLR 5222-
a(b)(3) specifically excludes a private right of action
against banks for their inadvertent failure to provide
customers with the required notice, the legislature must
have intended to allow such a private right of action in
all other instances -- inadvertent or otherwise -- where a
bank fails to comply with the requirements of EIPA.
Finally, plaintiffs argue that a private right of action
may be inferred by this Court because it is consistent with
EIPA's purpose and legislative scheme.

For the reasons set forth below, we conclude that
these appeals turn on unsettled and important questions of
New York law, and we certify those questions to the New
York State Court of Appeals.

### 1.  *The Absence of Controlling Precedent.*

EIPA does not explicitly state that judgment
debtors have a private right of action against their banks,
and no New York court has decided whether judgment debtors
have such a right against banks that fail to comply with
EIPA's procedural guarantees.  As plaintiffs point out,
courts have recognized private rights of action under CPLR

-15-

Article 52 by judgment creditors against banks,[8] by non-debtor accountholders against banks,[9] and by judgment debtors challenging the constitutionality of Article 52.[10] But no court applying New York law has addressed whether a judgment debtor has a private right of action against his or her bank for failing to provide the required notice, improperly restraining an account, or improperly assessing fees.

---

[8]     *See, e.g.*, *Aspen Indus. v. Marine Midland Bank*, 52 N.Y.2d 575, 580 (1981) ("[V]iolation of the restraining notice by the party served is punishable by contempt . . . and subjects the garnishee to personal liability in a separate plenary action or a special proceeding under CPLR article 52 brought by the aggrieved judgment creditor."); *Mazzuka v. Bank of N. Am.*, 280 N.Y.S.2d 495, 499 (N.Y. Civ. Ct. 1967) ("[A] Bank may be held liable to a judgment-creditor for its negligence in complying with a Restraining Notice."); *Jackson v. TD Bank*, No. 995/10, 2010 N.Y. Misc. LEXIS 3797, at *4-7 (N.Y. Civ. Ct. Aug. 9, 2010) (bank may be held liable to creditor for negligent failure to restrain debtor's account); *see also Salles v. Chase Manhattan Bank*, 754 N.Y.S.2d 236, 239 (1st Dep't 2002) (bank may be held liable to creditors' attorneys for fraudulent misrepresentations in connection with restraining notice, information subpoena, and levy).

[9]     *See, e.g.*, *Walter v. Doe*, 402 N.Y.S.2d 723, 725 (N.Y. Civ. Ct. 1978) (bank may be held liable to third-party accountholders who are not judgment debtors for negligently restraining their account); *see also Nejeidi v. Rep. Nat'l Bank of N.Y.*, 642 N.Y.S.2d 61, 62-63 (2d Dep't 1996) (assuming, without deciding, that third-party accountholders who are not judgment debtors can state a claim for money damages against bank for negligently restraining their accounts).

[10]     *See, e.g.*, *Deary v. Guardian Loan Co.*, 534 F. Supp. 1178, 1180, 1185 (S.D.N.Y. 1982) (alleging that procedures for restraint and execution on judgments violates the Due Process Clause and the Supremacy Clause); *Sims v. Bank of Am.*, No. 06-cv-5991, 2008 U.S. Dist. LEXIS 11972, at *2-3 (E.D.N.Y. Feb. 19, 2008) (alleging that restraint of accounts containing only exempt supplemental security income violated, *inter alia*, the Due Process Clause and the Supremacy Clause).

In addition, it remains an open question whether plaintiffs could have pursued their claims against their banks in a special proceeding under CPLR 5239 and 5240 and, if so, whether such a proceeding is plaintiffs' exclusive mechanism for relief. On the one hand, as plaintiffs argue, CPLR 5239 on its face provides for a stakeholder action in which parties may assert competing claims to property owned by the judgment debtor.[11] Assuming, as we must, that plaintiffs' allegations are true, the dispute in these cases is not over the parties' respective rights to plaintiffs' property itself; rather, plaintiffs claim that they suffered damages because their banks denied them certain procedural protections required by EIPA. On the other hand, as defendants and *amici* assert, in practice, CPLR 5239 and 5240 proceedings can serve as broad mechanisms for relief.[12] Moreover, the uncertain scope of

---

[11]    *See Nat'l Union Fire Ins. Co. v. Eland Motor Car Co.*, 85 N.Y.2d 725, 729 (1995) (noting that CPLR 5239 permits "[r]ival claimants" to be joined in a proceeding "so that the court may prioritize the competing interests"); David D. Siegel, Practice Commentaries, N.Y. C.P.L.R. 5239:1 (McKinney 2013) (CPLR 5239 "is the path to the courthouse for a claimant who wants to have a priority or lien or other dispute with another claimant ironed out").

[12]    *See Herman v. Siegmund*, 415 N.Y.S.2d 681, 682 (2d Dep't 1979) (describing CPLR 5239 as "an all inclusive tool for the settlement of almost any problem that may arise in connection with the enforcement of money judgments"); *Johnson v. Chem. Bank*, No. 96 Civ. 4262, 1996 U.S. Dist. LEXIS 18027, at *11 n.2 (S.D.N.Y. Dec. 9, 1996) (Sotomayor, *J.*) ("Plaintiff's remedy, if at all, may be in a state court action under CPLR § 5239 to challenge The Bank of New York's entitlement to restrain his accounts."); *Jonas v. Citibank, N.A.*, 414 F. Supp. 411, 418

-17-

these proceedings is underscored by the fact that the two district courts disagreed about whether plaintiffs could have pursued their claims in special proceedings under Article 52.[13]  *Compare Cruz*, 855 F. Supp. 2d at 172 (holding that enforcement mechanisms available to judgment debtors are limited to special proceedings under Article 52, but that CPLR 5239 "does not allow a debtor to seek damages or injunctive relief against a bank following restraint"), *with Martinez*, 863 F. Supp. 2d at 264-65 (holding that "the 'special proceeding' remedy is available to compel garnishee banks to adhere to their obligations under EIPA,"

_____

(S.D.N.Y. 2006) ("C.P.L.R. 5239 provides a mechanism for a debtor to commence a special proceeding to determine the rights in disputed property such as [plaintiff's] alleged exempt funds."); *Guardian Loan Co. v. Early*, 47 N.Y.2d 515, 519 (1979) ("CPLR 5240 is perhaps the most practical method to protect judgment debtors from the often harsh results of lawful enforcement procedures."); *Paz v. Long Island R.R.*, 661 N.Y.S.2d 20, 22 (2d Dep't 1997) ("CPLR 5240 is an omnibus section empowering the court to exercise broad powers over the use of enforcement procedures."); *see also, e.g.*, *Sharon Towers, Inc. v. Bank Leumi Trust Co. of N.Y.*, 673 N.Y.S.2d 138, 139-40 (1st Dep't 1998) (permitting corporation, of which judgment debtor was signatory, to bring CPLR 5239 proceeding against bank to challenge propriety of restraints on accounts); *Nejeidi*, 642 N.Y.S.2d at 62 (noting that restraining notice was vacated in CPLR 5239 proceeding brought by non-debtor accountholders against bank for negligently restraining accounts); *Costello v. Casale*, 835 N.Y.S.2d 354, 355 (2d Dep't 2007) (vacating restraints on debtor's bank accounts pursuant to CPLR 5240).

[13]    If CPLR 5239 and 5240 do provide a mechanism for judgment debtors to seek damages and injunctive relief from their banks, a further procedural question is whether plaintiffs can assert their claims in federal court in the form of a class action, which would require the amount in controversy to exceed $5,000,000 and require the plaintiffs to satisfy the requirements for certifying a class.  *See* 28 U.S.C. § 1332(d); Fed. R. Civ. P. 23.

but that debtors' enforcement options are limited to such proceedings).

Accordingly, we conclude that there is no controlling precedent in New York that governs these cases.

2. *The Certified Questions Involve Important Issues of State Law.*

The questions presented by these appeals involve important issues of New York State law and policy that are likely to recur. As stated in the Sponsors Memo, EIPA was enacted to address difficulties in protecting exempt funds from forcible collection -- a "problem [that had] reached epidemic proportions" in New York State. Sponsors Memo, *supra*, at 4. Accordingly, EIPA was enacted to "create a legal procedure by which judgment debtors are informed of which funds are exempt and provided an opportunity to assert that the funds in their account are exempt from seizure before the account is completely restrained or executed against." *Id.* Whether judgment debtors may sue their banks for violating EIPA's procedural requirements will significantly affect the force of that legal procedure. In addition, where, as here, the plaintiffs represent putative classes, the outcome of these cases can have broad and lasting consequences.

We believe that questions involving such policy concerns are more appropriately resolved by the New York

-19-

State Court of Appeals. *See Barenboim v. Starbucks Corp.*, 698 F.3d 104, 117 (2d Cir. 2012); *Georgitsi Realty, LLC*, 702 F.3d at 159.

### 3. *The Answers to the Certified Questions May Be Determinative.*

The New York State Court of Appeals's response to the certified questions may determine the outcome of these cases. Specifically, if the Court of Appeals holds that judgment debtors do have a cause of action against banks that violate EIPA's procedural requirements, then the district courts' judgments will be vacated and the cases will be permitted to proceed. On the other hand, if the Court of Appeals determines that plaintiffs may not sue their banks for failing to provide the required notices, then plaintiffs' claims under EIPA fail as a matter of law. Further, insofar as plaintiffs' common law claims are predicated on violations of EIPA, the decision of the Court of Appeals may determine whether those claims will proceed or not. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 200-03 (2d Cir. 2005) (rejecting plaintiffs' common law fraud and unjust enrichment claims predicated on duties created by a statute under which there is no private right of action); *Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc.*, 18 N.Y.3d 341, 353 (2011) ("[A] private litigant may not pursue a common-law cause of action where

-20-

the claim is predicated solely on a violation of [a statute that carries no private right of action] or its implementing regulations and would not exist but for the statute.").

*CONCLUSION*

In sum, we reserve decision and certify the following questions for these cases in tandem to the New York State Court of Appeals:

*first*, whether judgment debtors have a private right of action for money damages and injunctive relief against banks that violate EIPA's procedural requirements; and

*second*, whether judgment debtors can seek money damages and injunctive relief against banks that violate EIPA in special proceedings prescribed by CPLR Article 52 and, if so, whether those special proceedings are the exclusive mechanism for such relief or whether judgment debtors may also seek relief in a plenary action.

We do not bind the Court of Appeals to the particular questions stated. Rather, the Court of Appeals may expand the certified questions to address any other issues that may pertain to the circumstances presented in these appeals.

This panel retains jurisdiction and will consider any issues that remain on appeal once the New York State

Court of Appeals has either provided us with its guidance or declined certification.

It is therefore ORDERED that the Clerk of this Court transmit to the Clerk of the Court of Appeals of the State of New York a Certificate, as set forth below, together with a complete set of briefs and appendices, and the records filed in this Court by the parties.

### *CERTIFICATE*

The foregoing is hereby certified to the Court of Appeals of the State of New York pursuant to Second Circuit Local Rule 27.2 and New York Codes, Rules, and Regulations Title 22, § 500.27(a), as ordered by the United States Court of Appeals for the Second Circuit.