Steve v. Arone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
CARL E. STEVE,
        Plaintiff-Appellant,

        -v.-                                    15-309

LEO C. ARONE, COMMISSIONER, ET AL.,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Carl E. Steve, pro se, Cheshire, CT.

FOR APPELLEES:            Terrence M. O'Neill, for George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Carl Steve, pro se, appeals from the judgment of the United States District Court for the District of Connecticut (Covello, J.) dismissing his claim for deprivation of his right to send legal mail. Steve alleges that the prison mail room interfered with his mail on one occasion by blacking out the address on a letter that was returned to him with the marking that it was returned by the addressee. The district court dismissed his complaint sua sponte because it concluded one isolated instance of interference with legal mail could not form the basis of a constitutional claim under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's sua sponte dismissal of a complaint. Giano v. Goord, 250 F.3d 146, 150 (2d Cir. 2001). To be well-pleaded a complaint must allege enough facts to state a claim that is plausible on its face. Cruz v. TD Bank, N.A., 711 F.3d 261, 267 (2d Cir. 2013).

The district court properly dismissed Steve's complaint for failing to state a claim. While ordinarily a court should not dismiss a pro se complaint without first granting leave to amend, because the new allegations raised in Steve's appellate brief similarly are not sufficient to state a claim, we conclude that any amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Accordingly, and finding no merit in Steve's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK