Matthew J. Jasen, J.
¿Etna Insurance Company, as an interested party, brings this proceeding, pursuant to CPLR 5240, for an order to discharge and release its obligation under a surety bond issued in lieu of an execution and levy by the judgment creditor on contract funds in the hands of the City of Buffalo.
*204 . Judgment creditor, Catherine Mary O’Brien, contends that the provisions of CPLR 5240 are inappropriate and cannot he utilized to obtain the relief sought by ¿Etna Insurance Company, since it is not properly before the court.
It appears that on October 20, 1965, one of the judgment debtors, Josanco Construction Corp. (hereinafer Josanco), obtained a performance bond and a labor and material payment bond from ¿Etna Insurance Company (hereinafter ¿Etna), for work to be performed under a contract with the City of Buffalo.
Under the terms of the application for the bonds, -¿Etna as surety on said bonds was subrogated to all rights, privileges and properties of Josanco and it was assigned all of Josanco’s rights to moneys and property under said contract. These subrogation rights and assignment were to become effective upon Josanco’s failure to pay bills it incurred on the work.
It is undisputed that between May 23, 1966, and January 20, 1967, ¿Etna paid in conjunction with its bond on behalf of Josanco the sum of $88,887.89 for labor and material.
Uncontroverted facts also indicate that Josanco was one of the signatories on a promissory note given to the judgment creditor, Catherine Mary O’Brien, in the amount of $50,000 payable three months after December 22, 1964. Accompanying the note was an executed affidavit of confession of judgment by- all of the judgment debtors.
On April 19, 1967, the confession of judgment was filed in the Erie County Clerk’s office and judgment was entered in the amount of $55,340 against all of the debtors. The following day, an execution was issued to the Sheriff of Erie County to levy on certain funds in the hands of the City of Buffalo, purportedly owing to Josanco on the contract for which ¿Etna had issued the performance and payment bonds. Subsequently, Josanco obtained an order of this court directing the judgment creditor to .show cause “ why an order should not be granted discharging any and all executions, levies, or any other enforcement proceedings against Josanco Construction Corp. or any of its officers and employees, and permitting it to file a bond in lieu thereof.”
An order was granted reciting ‘‘ that any and all executions, levies, or any other enforcement proceedings against Josanco Construction Corp., or any of its officers and employees * * * be and hereby are discharged conditioned on the filing of this order and the Surety Bond of ¿Etna Insurance Company in the sum of Fifty-five thousand three hundred forty and no/100 Dollars ($55,340.00) ”.
*205 The bond issued by -¿Etna and approved as to form by the court states: “ Whereas", on the 10th day of May, 1967, an order was entered in the office of the Clerk of the County of Erie, directing the vacation of an attachment and levy heretofore executed against properties and assets of the defendant Josanco Construction Corp., pursuant to a judgment entered against the said Josanco on April 19, 1967, in the sum of $55,340.00
In seeking to obtain a release of its obligation under the surety bond, -¿Etna now claims that the judgment creditor had no right to levy or execute against the funds in the hands of the City of Buffalo which are claimed to be owing Josanco, because these funds belong to it under an equitable lien and as a result of Josanco having subrogated and assigned its rights to the funds to -¿Etna. The assignment, it is claimed, became effective when -¿Etna made payments to materialmen, totalling $88,887.89, which was prior to the entry of judgment by the judgment creditor.
CPLR 5240 provides: “ § 5240. Modification or protective order; supervision of enforcement. The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure. Section 3104 is applicable to procedures under this article.”
The broad, general and sweeping language of CPLR 5240 appears to give this court the authority and power to properly act and decide on the merits the relief sought by the petitioner.
ACtna acquired subrogation rights to and an assignment of the funds held by the City of Buffalo under the contract with Josanco when it made payments to the materialmen in conjunction with said contract work in the total sum of $88,887.89 between May 23, 1966, and January 20, 1967, which was prior to the entry of the judgment by the judgment creditor on April 19,1967.
This court is of the opinion that a surety who has made payments under a labor and material payment bond has superior rights to those of a judgment creditor to the funds in the hands of an owner earmarked for payment under a contract for work to be performed (United States Fid. & Guar. Co. v. Triborough Bridge Auth., 297 N. Y. 31; Scarsdale Nat. Bank & Trust Co. v. United States Fid. & Guar. Co., 264 N. Y. 159; Ætna Cas. & Sur. Co. v. United States, 4 N Y 2d 639).
Certainly, the judgment creditor can have no greater rights to the funds in the hands of the city than its judgment debtor, Josanco. The judgment debtor’s right to the funds was sub *206 ordinated to -¿Etna's when -¿Etna made payments under the payment bond to the extent of the payment.
Since the payments ($88,887.89), made by .¿Etna, exceed the amount of the funds ($38,904.30) held by the city, Josanco has no right to those funds, and likewise, the judgment creditor has no right to same.
The court having decided that the judgment creditor has no right to the funds in the hands of the city, the execution and levy, as well as all proceedings in connection therewith, including .¿Etna’s surety bond in the sum of $55,340, should be vacated and discharged.