■ MARK PAZ, Appellant, v LONG ISLAND RAILROAD, Respondent, et al., Defendant. [661 NYS2d 20] —In an action, inter alia, to recover damages for employment discrimination in which the plaintiff obtained a judgment in the total sum of $37,076.26, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 13, 1996, which granted the motion of the defendant Long Island Railroad pursuant to CPLR 5240 for a stay of proceedings to enforce the judgment and imposed a condition thereon, and in effect, determined the validity of two liens asserted by the defendant Long Island Railroad against the judgment, and (2) an order of the same court, dated August 7, 1996, which, inter alia, directed him to deposit into an escrow account the sum of $6,047.17, constituting moneys allegedly due under the two liens, from the proceeds of the judgment, pending the determination of this appeal.

Ordered that the order dated June 13, 1996, is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof which granted that branch of the motion of the defendant Long Island Railroad which was to stay all proceedings to enforce the judgment to the extent of $4,890.97, constituting the sum due under the sick pay lien and substituting therefor a provision denying that branch of the defendant's motion; as so modified the order is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated August 7, 1996, is modified, on the law, by adding thereto a provision directing the plaintiff's attorney to release from escrow to the defendant the sum of $1,156.10 plus interest, representing the amount of the Railroad Retirement Board lien, within 30 days of service upon him of a copy of this decision and order; as so modified the order is affirmed, without costs or disbursements.

The plaintiff allegedly sustained personal injuries and suffered employment discrimination in connection with his

employment with the defendant Long Island Railroad (hereinafter the LIRR). He commenced an action which resulted in a jury verdict in his favor and against the LIRR on his employment discrimination claim in the principal sum of $35,000. In response to the plaintiff's attempts to enforce the judgment, the LIRR sought relief pursuant to CPLR 5240 to stay enforcement of the judgment, claiming that it was entitled to deduct from the judgment the amount of two liens representing various employment benefits which had been paid to the plaintiff during his absence from work. The court determined the liens to be valid, and, in effect, reduced the amount of the judgment by the amount of the liens.

CPLR 5240 is an omnibus section empowering the court to exercise broad powers over the use of enforcement procedures *(Tweedie Constr. Co. v Stoesser,* 65 AD2d 657, 658). The purpose of CPLR 5240 is to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts *(see, Matter of Sanders v Manufacturers Hanover Trust Co.,* 229 AD2d 544). A motion for relief from enforcement may be made in the context of the underlying action, and a plenary action is unnecessary (11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5240). Contrary to the plaintiff's contentions, the LIRR was authorized to utilize CPLR 5240 as a procedural vehicle to stay enforcement of the judgment so as to secure satisfaction of its liens *(see, O'Brien v Fago,* 54 Misc 2d 203).

We are satisfied that the LIRR established the validity of the Railroad Retirement Board lien. Pursuant to 45 USC § 362 (o), the Railroad Retirement Board "shall be entitled to reimbursement" for benefits paid to the injured employee "from any sum or damages paid or payable to such employee". Insofar as the plaintiff failed to controvert that he received benefits during his disability and later recovered damages of $35,000, it appears that this Railroad Retirement Board lien is valid *(see, e.g., Bunting v Railroad Retirement Bd.,* 1993 US App LEXIS 24663; 1993 WL 372735 [6th Cir]; *United States v Rogers,* 658 F2d 296). While the LIRR could have adduced greater documentary proof, such as an affidavit from a representative of the Railroad Retirement Board, the plaintiff admitted that he "once receive[d] a payment for an amount about equal to the amount asserted as a lien" by the Railroad Retirement Board. Therefore, we find that this lien was adequately established and may be asserted against the judgment.

However, the court incorrectly determined that the LIRR also possessed a valid lien for sick pay allowances pursuant to

the terms of the collective bargaining agreement between it and the plaintiff's union. By its express terms, the relevant section of the collective bargaining agreement provides for a lien on the recovery of damages for claims of personal injuries sustained in the performance of duty, to the extent of sick leave benefits paid. While the plaintiff did assert causes of action to recover damages for personal injuries, his recovery was limited to his causes of action to recover damages for employment discrimination. Insofar as the defendant has not demonstrated that the collective bargaining agreement was intended to extend sick pay liens to damages recovered in actions for employment discrimination, no sick pay lien may be asserted against the judgment. Therefore, the plaintiff is entitled to receive the remaining $4,890.97 plus interest being held in escrow.

We have reviewed the parties' remaining contentions and find them to be without merit. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.