■ BLANCHE COSTELLO, Respondent, v MARGARET ROSE CASALE, Appellant, et al., Defendant. [835 NYS2d 354]—

In an action, inter alia, to recover a down payment on a contract for the sale of real property, the defendant Margaret Rose Casale appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 17, 2006, which denied that branch of her motion which was to vacate a judgment of the same court (Nastasi, J.), dated April 18, 2001, which was in favor of the plaintiff and against her in the principal sum of $26,800.

Ordered that the order is modified, on the law and as an exercise of discretion, by adding a provision thereto vacating the restraining notice on the appellant's bank accounts at HSBC; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the appellant's claim, the Clerk of the Supreme Court, Westchester County, properly entered judgment in this action pursuant to the order of this Court dated March 26, 2001 (*see* CPLR 5016 [b]; *Costello v Casale*, 281 AD2d 581, 582 [2001]). The appellant's contention that the plaintiff was not entitled to an award of interest on the judgment is without merit (*see* CPLR 5001 [a]).

However, we agree with the appellant that the restraining notice on her bank accounts at HSBC in the amount of $48,473.73 is unduly harsh, since her attorneys had already returned to the plaintiff the down payment in the amount of $26,800, and the outstanding balance on the judgment pertains only to costs and interest. Accordingly, we vacate the restraining notice pursuant to CPLR 5240 in order to prevent "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice" (*Paz v Long Is. R.R.*, 241 AD2d 486, 487 [1997]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.