■ Technology Multi Sources, S.A., Respondent, v Stack Global Holdings, Inc., Defendant. Veja Electronics, Inc., Nonparty Appellant. [845 NYS2d 357]—

In an action to enforce a judgment in the principal sum of $103,417.12, the nonparty, Veja Electronics, Inc., appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated June 28, 2006, which denied its motion for an order quashing a subpoena duces tecum served upon it by the plaintiff.

Ordered that the order is affirmed, with costs.

CPLR 5223 compels disclosure of "all matter relevant to the satisfaction of the judgment." A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order "to determine whether the judgment debtor[ ] concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment" (*Young v Torelli,* 135 AD2d 813, 815 [1987]).

CPLR 5240 provides the court with broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice" (*Paz v Long Is. R.R.,* 241 AD2d 486, 487 [1997]). Nonetheless, "[a]n application to quash a subpoena should be granted '[o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious' . . . or where the information sought is 'utterly irrelevant to any proper inquiry' " (*Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 331-332 [1988] [citations omitted]; *see Myrie v Shelley,* 237 AD2d 337, 338 [1997]; *cf. Ayubo v Eastman Kodak Co.,* 158 AD2d 641, 642 [1990]).

The Supreme Court providently exercised its discretion in denying the motion of the nonparty Veja Electronics, Inc. (hereinafter Veja), to quash a subpoena served upon it by the plaintiff Technology Multi Sources, S.A., in the course of seeking to enforce a judgment against the defendant Stack Global Holdings, Inc. (hereinafter Stack). Veja shared the same address, telephone number, ownership, and management with the defendant Stack. Moreover, Stack had not only been dissolved shortly after the judgment was entered against it, but it also had failed to satisfy the judgment and had evaded all attempts by the plaintiff to obtain discovery in connection with enforcement of

the judgment. The demands by the plaintiff in its subpoena to Veja were neither overbroad nor burdensome, and sought information which was material and relevant to the enforcement of the judgment. In addition, Veja failed to make any showing that the information being sought was confidential in nature.

Veja's remaining contentions are without merit. Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.