■ LUIS LOPEZ & SON'S, INC., Appellant, v DANNIE'S AUTO CARE et al., Respondents. [876 NYS2d 504]—

In an action for the return of down payments given pursuant to a contract for the sale of a business, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated April 24, 2008, as, in effect, denied that branch of its motion which was for an award of an attorney's fee and litigation expenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for an award of an attorney's fee and litigation expenses is granted, and the matter is remitted to the Supreme Court, Nassau County, to determine the amount of the attorney's fee and litigation expenses to be awarded to the plaintiff.

The Supreme Court erred in, in effect, denying that branch of the plaintiff's motion which was for an award of an attorney's fee and litigation expenses incurred in the prosecution of the instant action for the return of down payments given pursuant to a contract for the sale of the defendant's business. The subject agreement provided that "in any disputes brought to court, the prevailing party shall be entitled to recover legal fees and expenses." The plaintiff, which prevailed in recovering the down payments, also was entitled to an award of an attorney's fee and litigation expenses it incurred prosecuting this action (*see Nestor v McDowell,* 81 NY2d 410, 415 [1993]; *Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]; *Village of Hempstead v Taliercio,* 8 AD3d 476 [2004]; *Fatsis v 360 Clinton Ave. Tenants Corp.,* 272 AD2d 571 [2000]). Accordingly, the matter must

be remitted to the Supreme Court, Nassau County, to determine the amount of the attorney's fee and litigation expenses to be awarded to the plaintiff for the prosecution of the instant action. Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.