■ In the Matter of HEATHER STERN, Appellant-Respondent, v RANDOLPH HIRSCH, Respondent-Appellant, and JP MORGAN CHASE BANK, N.A., et al., Respondents-Respondents, et al., Respondents. [915 NYS2d 275]—

In a proceeding pursuant to CPLR 5206 (e) to compel the sale of Randolph Hirsch's one-half interest in a homestead to satisfy a money judgment, the petitioner appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Murphy J.), entered October 27, 2009, as denied the petition and granted that branch of Randolph Hirsch's cross motion which was to restrain her from selling or executing upon the homestead until it is vacant or sold, or unless Cheryl Hirsch predeceases him, and (2) so much of an order of the same court entered April 5, 2010, as, upon reargument, adhered to the original determination, and Randolph Hirsch cross-appeals, as limited by his brief, from so much of the order entered April 5, 2010, as denied his second cross motion for the imposition of sanctions against the petitioner and her counsel pursuant to 22 NYCRR 130.1.

Ordered that the appeal from the order entered October 27, 2009, is dismissed, without costs or disbursements, as that order was superseded by the order entered April 5, 2010, made upon reargument; and it is further,

Ordered that the order entered April 5, 2010, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner won a business arbitration proceeding against Randolph Hirsch (hereinafter the respondent), thereby obtaining a judgment against him dated April 15, 2003, in the total sum of $140,048.23. The judgment was recorded in the Nassau County Clerk's office on April 24, 2003. At the same time, the respondent and his wife, Cheryl Hirsch, owned a residential property or "homestead" in Massapequa (CPLR 5206 [a]), encumbered by a mortgage in favor of JP Morgan Chase Bank, N.A. (hereinafter JP Morgan), which was recorded on August 18, 2007.

In order to satisfy her judgment, the petitioner commenced the instant proceeding against the respondent and others seeking, inter alia, to direct the Nassau County Sheriff to notice for sale and sell the respondent's homestead pursuant to CPLR 5206 (e), and to marshal the proceeds of the sale in accordance with the parties' respective interests in the property. The respondent cross-moved, inter alia, pursuant to CPLR 5240, to restrain the petitioner from selling or executing upon the

homestead until it is vacant or is sold, or unless his wife predeceases him.

In an order entered October 27, 2009, the Supreme Court denied the petition and granted the cross motion. Upon the petitioner's motion for reargument, and the respondent's second cross motion for the imposition of sanctions against the petitioner and her counsel, by order entered April 5, 2010, the Supreme Court granted reargument, but adhered to the original determination, and denied the second cross motion for the imposition of sanctions. We affirm the order entered April 5, 2010, insofar as appealed and cross-appealed from.

"CPLR 5240 grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under CPLR article 52 to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the court" (*Matter of Sanders v Manufacturers Hanover Trust Co.*, 229 AD2d 544, 544 [1996]; *see Guardian Loan Co. v Early*, 47 NY2d 515, 519 [1979]; *Technology Multi Sources, S.A. v Stack Global Holdings, Inc.*, 44 AD3d 931, 932 [2007]; *Costello v Casale*, 39 AD3d 797 [2007]; *Paz v Long Is. R.R.*, 241 AD2d 486, 487 [1997]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the petition, and in granting that branch of the cross motion pursuant to CPLR 5240 which was to restrain the petitioner from selling or executing upon the homestead until it is vacant or is sold, or unless Cheryl Hirsch predeceases the respondent (*see Matter of Sanders v Manufacturers Hanover Trust Co.*, 229 AD2d at 544; *Putnam County Natl. Bank of Carmel v Pryschlak*, 226 AD2d 358 [1996]; cf. *Matter of AMEV Capital Corp. v Kirk*, 180 AD2d 791, 792 [1992]).

The respondent's remaining contentions on his cross appeal are without merit.

In light of our determination, we need not read the remaining contentions of JP Morgan. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32552(U).]**