■ COUNTRY BANK, Respondent, v THOMAS BRODERICK, Appellant. [991 NYS2d 100]—

In an action pursuant to CPLR 5240 to enforce a deficiency judgment in the principal sum of $364,366.64, which had been awarded in a foreclosure action entitled *Country Bank v Georgetown Land Dev. Co., LLC*, docket No. CV-10-6005228S, commenced in the Superior Court of the State of Connecticut, in and for the Judicial District of Danbury, the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), entered January 3, 2013, which granted the plaintiff's motion for a determination that the funds held in certain college savings accounts owned by the defendant are not exempt from levy in connection with the satisfaction of the money judgment, and directed that nonparty Fidelity Brokerage Services, LLC, doing business as Fidelity Investments, turn over the funds to the plaintiff's counsel.

Ordered that the order is affirmed, with costs.

"CPLR 5240 grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under CPLR article 52 to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the court" (*Matter of Sanders v Manufacturers Hanover Trust Co.*, 229 AD2d 544, 544 [1996]; *see Guardian Loan Co. v Early*, 47 NY2d 515, 519 [1979]; *Paz v Long Is. R.R.*, 241 AD2d 486, 487 [1997]).

The Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 5240 for a determination that the funds sought to be levied upon—college savings accounts established under the laws of the State of New Hampshire (*see* NH Rev Stat Ann, ch 195-H)—are not exempt from levy in connection with the satisfaction of an underlying Connecticut money judgment that was docketed in New York pursuant to CPLR 5402.

The parties do not dispute that the protection from creditors afforded by CPLR 5205 (j) (2) to college tuition savings program accounts defined in 26 USC § 529 (hereinafter 529 savings plans) does not apply where, as here, the accounts are not qualified college savings program accounts established pursuant to the New York State College Choice Tuition Saving Program, as set forth in Education Law article 14-A. The Supreme Court correctly concluded that the distinction made in CPLR 5205 (j) between 529 savings plans established under the laws of New York, and those established in other states, or under the laws of other states, does not violate the equal protection clause of the United States Constitution. Since the classification "is not based

on an inherently suspect characteristic and does not impermissibly interfere with the exercise of a fundamental right, it need only rationally further a legitimate state interest to be upheld as constitutional" (*Affronti v Crosson*, 95 NY2d 713, 718-719 [2001]; *see Nordlinger v Hahn*, 505 US 1, 10 [1992]; *New Orleans v Dukes*, 427 US 297, 303 [1976]; *Archbishop Walsh High School v Section VI of N.Y. State Pub. High School Athletic Assn.*, 88 NY2d 131, 136 [1996]). Applying this standard of rational basis review, the court properly determined that CPLR 5205 (j) was not unconstitutional, as the disparate treatment is not " 'so unrelated to the achievement of any combination of legitimate purposes' " as to be irrational (*Affronti v Crosson*, 95 NY2d at 719, quoting *Kimel v Florida Bd. of Regents*, 528 US 62, 84 [2000]).

Contrary to the defendant's contention, the statute is not antithetical to the public policy of the State of New York, and "the choice between conflicting policy values is best made by the Legislature" (*Anonymous v Bureau of Professional Med. Conduct/State Bd. for Professional Med. Conduct*, 2 NY3d 663, 669 [2004] [internal quotation marks omitted]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.