■ CASTLE RESTORATION & CONSTRUCTION, INC., et al., Appellants-Respondents, v CASTLE RESTORATION, LLC, et al., Respondents-Appellants. [67 NYS3d 72]—

Motion by the appellants-respondents, inter alia, for leave to reargue an appeal from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered May 18, 2015, which was determined by decision and order of this Court dated April 5, 2017.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated April 5, 2017 (*see Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 149 AD3d 692, 2017 NY Slip Op 02625 [2017]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 18, 2015, as, upon renewal and reargument of that branch of the defendants' motion which was to stay entry of a judgment in favor of the plaintiffs, which had been granted in an order of the same court entered February 9, 2015, in effect, vacated its prior determination and thereupon granted that branch of the defendants' motion to the extent of staying enforcement of the judgment, and the defendants cross-appeal from the order entered May 18, 2015, and (2) the plaintiffs appeal from so much of a judgment of the same court entered May 29, 2015, as awarded them prejudgment interest only on the principal and only at the contract rate of 3%, and failed to award them prejudgment interest at the statutory rate on unpaid principal and interest due under the promissory note and awarded them the sum of only $200,000 in attorneys' fees, and the defendants cross-appeal, as limited by their brief, from so much of the same judgment as, upon the order entered February 9, 2015, is in favor of the plaintiffs and against them in the principal sum of $1,100,000.

Ordered that the appeal and the cross appeal from the order entered May 18, 2015, are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiffs prejudgment interest on the principal at the contract rate of 3% until the date of entry; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, upon renewal and reargument, the determination in the order entered February 9, 2015, is vacated, and that branch of the defendants' motion which was to stay entry of the judgment is denied, the order entered May 18, 2015, is modified accordingly, so much of the order entered May 18, 2015, as stayed enforcement of the judg-

ment is vacated, and the matter is remitted to the Supreme Court, Nassau County, for the calculation of interest due in accordance herewith and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal and the cross appeal from the order entered May 18, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]). In addition, the cross appeal from that order must be dismissed as abandoned since the defendants did not raise any argument in their brief with respect to their cross appeal from that order.

The plaintiff Castle Restoration & Construction, Inc. (hereinafter Castle, Inc.), entered into an asset sale agreement with the defendant Castle Restoration, LLC (hereinafter the LLC), and its principal, the defendant Anthony Colao (hereinafter together the defendants), whereby the LLC purchased certain of Castle, Inc.'s business assets for the sum of $1.2 million. The LLC made a down payment of $100,000 and gave Castle, Inc., a promissory note for the remaining $1.1 million. Pursuant to the terms of the note, the LLC was to make a certain number of monthly payments in specified sums, with the final payment due on June 15, 2017. Thereafter, Castle, Inc., assigned payments, beginning with the installment due on December 15, 2014, to its principal, Robert P. Castaldi, and his wife (hereinafter together the Castaldis). Colao signed the notice of assignment to acknowledge receipt of the notice on behalf of the LLC.

The LLC failed to make the payments as agreed, and, in June 2013, Castle, Inc., commenced this action to recover on the promissory note by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In an order entered November 14, 2013, the Supreme Court denied Castle, Inc.'s motion for summary judgment in lieu of complaint. Castle, Inc., appealed, and this Court, in a decision and order dated November 19, 2014, reversed and granted Castle, Inc.'s motion for summary judgment in lieu of complaint (*see Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 122 AD3d 789 [2014]). This Court found that the defendants failed to demonstrate that their claims under an alleged oral construction management agreement were " 'inextricably intertwined' with the promissory note" (*id.* at 790, quoting *New York Community Bank v Fessler*, 88 AD3d 667, 668 [2011]).

Meanwhile, Castle, Inc., served a supplemental summons and complaint, adding Robert P. Castaldi as a plaintiff (hereinafter together the plaintiffs). The defendants answered and asserted various counterclaims. In addition, Castle, Inc., and the Castaldis entered into an agreement dated December 10, 2014, terminating the assignment of payments to the Castaldis.

Following this Court's decision and order, the plaintiffs submitted a proposed judgment. The defendants opposed the proposed judgment and moved for leave to renew their opposition to Castle, Inc.'s motion for summary judgment in lieu of complaint. The defendants contended that, because Castle, Inc., assigned certain installment payments under the note to the Castaldis, Castle, Inc., lacked standing to commence this action, or, alternatively, lacked standing as to those assigned installment payments. The defendants also argued that, because their counterclaims against the plaintiffs had not yet been determined, entry of judgment should be stayed.

In an order entered February 9, 2015, the Supreme Court denied the defendants leave to renew but granted a stay of entry of a judgment. The court decided that this Court apparently was unaware of the defendants' counterclaim to recover damages for the loss of the business's goodwill, and determined that the counterclaim was inextricably intertwined with the plaintiffs' claim on the promissory note. The defendants have appealed from so much of the order as denied that branch of their motion which was for leave to renew on the ground that Castle, Inc., lacked standing as to some installment payments (*see Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 149 AD3d 692 [2017]). Although that appeal is being dismissed, the issues raised therein are brought up for review on the cross appeal herein from the judgment (*see* CPLR 5501 [a] [1]; *Matter of Aho*, 39 NY2d at 248).

The plaintiffs then moved for leave to renew and reargue their opposition to that branch of the defendants' motion which was to stay entry of a judgment. The plaintiffs contended that this Court was, in fact, aware of the defendants' claims against them, and that this Court had determined that the counterclaims were not inextricably intertwined with the claim on the note.

In an order entered May 18, 2015, the Supreme Court granted leave to renew and reargue and, thereupon, in effect, vacated its prior determination and granted that branch of the defendants' motion which was to stay entry of a judgment only to the extent of staying the enforcement of a judgment.

A judgment in favor of the plaintiffs and against the defend-

ants was entered on May 29, 2015. In the judgment, the Supreme Court awarded the principal sum of $1,100,000 plus interest thereon at the rate of 3% per annum from March 15, 2012, until the date of entry. The court also awarded attorneys' fees to the plaintiffs.

The plaintiffs appeal from so much of the order entered May 18, 2015, as stayed enforcement of the judgment, and from so much of the judgment as failed to award them prejudgment interest at the statutory rate on unpaid principal and interest due under the promissory note, and awarded them only $200,000 in attorneys' fees. On their cross appeal from the judgment, the defendants contend that, in the order entered February 9, 2015, which is brought up for review, the Supreme Court should have determined that because Castle, Inc., lacked standing, it was not entitled to judgment in its favor as to certain installment payments under the note.

That branch of the defendants' motion which was for leave to renew their opposition to the motion for summary judgment in lieu of complaint, on the ground that Castle, Inc., lacked standing, was properly denied by the Supreme Court. The defendants failed to offer a reasonable justification for why the new evidence submitted in support of their motion was not submitted in opposition to the prior motion for summary judgment in lieu of complaint. In any event, because the defendants waived a defense based on standing (*see* CPLR 3211 [e]), this evidence would not have changed the prior determination (*see* CPLR 2221 [e]).

The Supreme Court erred in, upon renewal and reargument, staying enforcement of a judgment in favor of the plaintiffs. Pursuant to CPLR 5240, a court may, on its own initiative or on motion, stay the enforcement of a judgment. The purpose of this "broad discretionary power" is to permit the trial court to " 'prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the court' " (*Country Bank v Broderick*, 120 AD3d 463, 464 [2014], quoting *Matter of Sanders v Manufacturers Hanover Trust Co.*, 229 AD2d 544, 544 [1996]; *see Matter of Stern v Hirsch*, 79 AD3d 1046, 1048 [2010]; *Technology Multi Sources, S.A. v Stack Global Holdings, Inc.*, 44 AD3d 931, 932 [2007]; *Paz v Long Is. R.R.*, 241 AD2d 486, 487 [1997]). Here, that the defendants remain free to assert their counterclaims against the plaintiffs in a separate action does not preclude enforcement of the judgment in favor of the plaintiffs and against the defendants. The defendants proffered no evidence that permitting the plaintiffs to enforce the judgment would cause unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice.

"CPLR 5001 (a) permits a creditor to recover prejudgment interest on unpaid interest and principal payments awarded from the date each payment became due under the terms of the promissory note to the date liability is established" (*Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581 [2001]; *see Bristol Inv. Fund, Inc. v Carnegie Intl. Corp.*, 310 F Supp 2d 556, 566 [2003]). Where, as here, the parties did not include a provision in the contract addressing the interest rate that governs after principal is due or in the event of a breach, New York's statutory rate will be applied as the default rate (*see NML Capital v Republic of Argentina*, 17 NY3d 250, 258 [2011]). Thus, the plaintiffs are entitled to recover prejudgment interest on unpaid interest and principal payments awarded from the date each payment became due under the terms of the promissory note to the date liability was established at the statutory rate of interest (*see Spodek v Park Prop. Dev. Assoc.*, 96 NY2d at 581), and we remit the matter to the Supreme Court, Nassau County, for the calculation of interest due in accordance herewith and the entry of an appropriate amended judgment thereafter.

The plaintiffs' remaining contention, regarding the amount of attorneys' fees awarded to them, is without merit. Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.