Lisogor v Nature's Delight, Inc. (2020 NY Slip Op 07879)





Lisogor v Nature's Delight, Inc.


2020 NY Slip Op 07879


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-09108
 (Index No. 1541/17)

[*1]Sofia Lisogor, et al., appellants,
v
Nature's Delight, Inc., et al., respondents.


Brutten Law PLLC, Brooklyn, NY (Charles L. Brutten of counsel), for appellants.



DECISION & ORDER
Appeal by the plaintiffs from an order of the Supreme Court, Kings County (Kathy J. King, J), dated May 11, 2018. The order denied the plaintiffs' motion, in effect, pursuant to Judiciary Law § 753(A)(3) to hold the defendants Shorena Khuberishvili and Katevan Wheeler in civil contempt of an order dated September 6, 2017, and granted those defendants' motion to quash information subpoenas served upon them pursuant to CPLR 5224.
ORDERED that the order dated May 11, 2018, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the motion of the defendants Shorena Khuberishvili and Katevan Wheeler to quash information subpoenas served upon them, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
On February 29, 2016, the individual defendants executed a promissory note individually and as principals of the defendant corporation in favor of the plaintiffs in the amount of $180,000. On the same date, the defendants executed separate affidavits of confession of judgment to be used by the plaintiffs for the entry of a judgment in the event the defendant corporation defaulted in making the required payments pursuant to the terms of the promissory note. On April 20, 2017, after the defendant corporation failed to make any payments under the note, the plaintiffs served the defendants with notices of default and demanded payment in full. On May 10, 2017, the plaintiffs obtained a judgment by confession, and in June 2017 served the individual defendants with information subpoenas. On June 27, 2017, the defendants commenced a separate action against the plaintiffs in the Supreme Court, Kings County, under Index No. 512608/17, inter alia, to rescind the affidavits of confession and the judgment by confession.
Thereafter, the plaintiffs moved to compel the defendants to comply with the information subpoenas. In an order dated September 6, 2017 (hereinafter the 2017 order), the Supreme Court granted the plaintiffs' motion, upon the defendants' default in opposing the motion, and directed the individual defendants to provide answers to the information subpoenas within 15 days after the mailing of a copy of the order by certified mail and first class mail. On September 7, 2017, the plaintiffs purportedly served the individual defendants with a copy of the 2017 order at their residence addresses. By motion dated October 11, 2017, the plaintiffs moved to hold the individual defendants in contempt for their failure to comply with the 2017 order. By motion dated October 17, 2017, the defendants moved to quash the information subpoenas. In an order dated May 11, 2018, the Supreme Court denied the plaintiffs' motion to hold the individual defendants in [*2]contempt and granted the defendants' motion to quash the information subpoenas.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court. To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation . . . . Once the movant makes the required showing, the burden shifts to the alleged contemnor to refute that showing, or to offer . . . a defense such as an inability to comply with the order" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964 [citations omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Mezzacappa v Palladino, 180 AD3d 664).
Here, the plaintiffs failed to establish by clear and convincing evidence that the individual defendants had knowledge of the 2017 order (see McCain v Dinkins, 84 NY2d 216, 226; Matter of McCormick v Axelrod, 59 NY2d 574, 583, amended 60 NY2d 574). In support of their motion, the plaintiffs failed to attach an affidavit of service or any proof that they served the 2017 order by first-class or certified mail as directed therein (see Diane v Ricale Taxi, Inc., 64 AD3d 432, 433). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to hold the individual defendants in civil contempt (see Dalton v Dalton, 164 AD3d 1300, 1302; Bennet v Liberty Lines Tr., Inc., 106 AD3d 1038, 1040).
However, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to quash the information subpoenas. CPLR 5223 compels disclosure of "all matter relevant to the satisfaction of the judgment." A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order "to determine whether the judgment debtor[ ] concealed any assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment" (Young v Torelli, 135 AD2d 813, 815; see Technology Multi Sources, S.A. v Stack Global Holdings, Inc., 44 AD3d 931, 932).
Pursuant to CPLR 5240, a court may, on its own initiative or on motion, stay the use of any enforcement procedure. The purpose of this "broad discretionary power" (Country Bank v Broderick, 120 AD3d 463, 464) is to permit the trial court to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (Paz v Long Is. R.R., 241 AD2d 486, 487; see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 155 AD3d 678, 682; Matter of Stern v Hirsch, 79 AD3d 1046, 1048). Nonetheless, a party moving to quash a subpoena has the initial burden of establishing either that the requested disclosure "is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d 32, 34 [internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332; Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d 611, 614-615; Technology Multi Sources, S.A. v Stack Global Holdings, Inc., 44 AD3d at 932). Contrary to the defendants' contention, the fact that they are seeking to rescind the judgment by confession in a separate action against the plaintiffs, without more, does not preclude enforcement of the judgment in favor of the plaintiffs and against the defendants (see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 155 AD3d at 682). Furthermore, the defendants failed to proffer any evidence that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court