Lang v Zlotnick (2025 NY Slip Op 01208)

Lang v Zlotnick

2025 NY Slip Op 01208

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-00732 
2023-01323
 (Index No. 502419/14)

[*1]Pierre Lang, appellant,
v
Gregory Zlotnick, respondent.

Bernard Weinreb, Spring Valley, NY, for appellant.

DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 18, 2021, and (2) an order of the same court dated October 31, 2022. The order denied the plaintiff's motion for an award of attorneys' fees and prejudgment interest on the unpaid principal under the promissory note.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed, on the law, the plaintiff's motion for an award of attorneys' fees and prejudgment interest on the unpaid principal under the promissory note is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of reasonable attorneys' fees to be awarded to the plaintiff, the calculation of interest due in accordance herewith, and the entry of an appropriate judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2012, the defendant executed a promissory note in which he promised to pay the plaintiff the sum of $60,000 by December 10, 2012. The note provided that if the plaintiff prevailed in an action to collect on the note, the defendant would pay the plaintiff's reasonable attorneys' fees. In 2014, the plaintiff commenced this action against the defendant, seeking to recover an outstanding balance of $48,000 due on the note and an award of reasonable attorneys' fees pursuant to the terms of the note. After a nonjury trial, the Supreme Court determined that the plaintiff was entitled to recover the balance of $48,000 due on the note. Thereafter, the plaintiff, as the prevailing party, moved for an award of an attorneys' fees and prejudgment interest on the unpaid principal under the note. The court denied the motion, and the plaintiff appeals.
"Under the American rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Sage Sys., Inc. v Liss, 39 NY3d 27, 30-31 [internal quotation marks omitted]; see Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 191 AD3d 939, 942). Only a prevailing party is entitled to recover an attorney's fee, and to "be considered a prevailing party, a party must be successful with respect to the central relief sought" (Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 191 AD3d at 942 [internal quotation marks omitted]; see Kefalas v Valiotis, 197 AD3d 698, 703).
Here, the plaintiff prevailed in this action to recover on the note, and, therefore, he [*2]was entitled to an award of reasonable attorneys' fees pursuant to the terms of the note (see ProHealth Care Assoc., LLP v Prince, 101 AD3d 699, 701; Luis Lopez & Son's, Inc. v Dannie's Auto Care, 61 AD3d 643, 643). Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was for an award of attorneys' fees.
The Supreme Court also erred in denying that branch of the plaintiff's motion which was for an award of prejudgment interest on the unpaid principal under the note, calculated from December 10, 2012, which was the date that the unpaid principal became due. Pursuant to CPLR 5001, "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract" (id. § 5001[a]). A breach of the obligation to pay on a promissory note is contractual for purposes of CPLR 5001 (see Spodek v Park Prop. Dev. Assoc., 96 NY2d 577, 581; Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 155 AD3d 678, 683). Moreover, "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed" (CPLR 5001[b]; see Kachkovskiy v Khlebopros, 164 AD3d 568, 572). Therefore, the plaintiff was entitled to recover prejudgment interest at the statutory rate of interest on the unpaid principal awarded from the date the unpaid principal became due under the terms of the note to the date liability was established (see Spodek v Park Prop. Dev. Assoc., 96 NY2d at 581; Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 155 AD3d at 683).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine the amount of reasonable attorneys' fees to be awarded to the plaintiff (see Feiner v Galpern, 187 AD3d 992, 994; Ross v Sherman, 95 AD3d 1100, 1101), the calculation of interest due in accordance herewith (see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 155 AD3d at 683), and the entry of an appropriate judgment thereafter.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court