166 N. 7 St., LLC v Sung Kyu Khim
2026 NY Slip Op 02617
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

166 North 7 St., LLC, respondent,
v
Sung Kyu Khim, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2021-01309, (Index No. 509049/20)
Colleen D. Duffy, J.P.
Paul Wooten
Phillip Hom
Elena Goldberg Velazquez, JJ.

Cole Schotz P.C., New York, NY (Nolan E. Shanahan and Bradley P. Pollina of counsel), for appellants.
Berger Fink LLP, New York, NY (David M. Berger of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for breach of contract, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 21, 2021. The order denied the defendants' motion pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated November 25, 2020, entered upon the defendants' failure to appear or oppose the motion for summary judgment in lieu of complaint, and pursuant to CPLR 5240 for a protective order.
ORDERED that the order is affirmed, with costs.
In 2020, the plaintiff commenced this action against the defendants, Sung Kyu Khim and Su Lim Khim, the owners of a business, Khims Organic, Inc., to recover damages for breach of contract by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. According to the plaintiff, in 2010, it entered into a 10-year commercial lease agreement with Khims Organic, Inc., for a commercial storefront located in Brooklyn (hereinafter the premises). The plaintiff alleged that, in conjunction with the lease, the defendants signed a guaranty obligating them to be jointly and severally liable for the full performance of all agreements in the lease. According to the plaintiff, in August 2018, Khims Organic, Inc., ceased operations and vacated the premises. Khims Organic, Inc., and the defendants made no rental payments after Khims Organic, Inc., vacated the premises. The Supreme Court granted the motion for summary judgment in lieu of complaint upon the defendants' default in failing to appear or oppose the motion and, in November 2020, issued a judgment in favor of the plaintiff and against the defendants in the principal sum of $739,903.31 (hereinafter the November 2020 judgment). The plaintiff thereafter served information subpoenas and restraining notices upon the defendants' bank to enforce the November 2020 judgment. Thereafter, the defendants moved pursuant to CPLR 5015(a)(1) to vacate the November 2020 judgment and pursuant to CPLR 5240 for a protective order vacating the restraining notices. The plaintiff opposed the defendants' motion. In an order dated January 21, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the November 2020 judgment. "'In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a [*2]reasonable excuse for the default and a potentially meritorious opposition to the motion'" (Zlobec v Bank of N.Y. Mellon, 241 AD3d 606, 609, quoting HSBC Bank USA, N.A. v Joseph, 209 AD3d 633, 634). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Wells Fargo Bank, N.A. v Elsman, 240 AD3d 936, 937 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887). Here, the defendants failed to provide a reasonable excuse for their default, as ignorance of the law, failure to retain an attorney, and confusion about the date of a conference do not constitute reasonable excuses (see Cox v Marshall, 161 AD3d 1140, 1141; Martinez v Otis El. Co., 213 AD2d 523, 524). Since the defendants failed to proffer a reasonable excuse for their default, this Court need not address whether they demonstrated a potentially meritorious opposition to the motion (see Wells Fargo Bank, N.A. v Elsman, 240 AD3d at 937-938).
"CPLR 5240 grants the courts broad discretionary power to alter the use of procedures set forth in CPLR article 52" (Matter of Lew v Sobel, 192 AD3d 799, 800 [internal quotation marks omitted]; see Lisogor v Nature's Delight, Inc., 189 AD3d 1386, 1388) "to prevent 'unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice'" (Technology Multi Sources, S.A. v Stack Global Holdings, Inc., 44 AD3d 931, 932, quoting Paz v Long Is. R.R., 241 AD2d 486, 487). Here, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 5240 for a protective order vacating the restraining notices on the bank accounts, as the injunction they imposed was necessary to secure enforcement of the November 2020 judgment (see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 41 AD3d 25, 38; Ricatto v Ricatto, 4 AD3d 514, 516).
The defendants' remaining contention is without merit.
DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court